CARNALL vs. DUVAL, AS ADM. ET AL.

It is no objection to the validity of a mortgage, if given to secure an existing debt, that such debt is not evidenced by a note or bond, nor that a specified time is not limited for its becoming absolute, or for its foreclosure.

Where no time is specified for payment of the sum acknowledged to be due by the mortgage, it is due at once, and payment may be immediately enforced.

Filing for record a mortgage executed to secure an existing *bona fide* debt is a sufficient delivery to the party intended to be secured, and the subsequent acceptance of the original deed by the mortgagee ratifies the act and gives it legal effect from the date of filing for record.

A power of attorney to execute a deed must, to give it legal effect, be recorded with the deed, and it must be exhibited in pleading when the deed is the subject of action, and its execution either admitted or proven.

The clerk and recorder before whom a mortgage was acknowledged under a power of attorney, and to whom it was exhibited when the acknowledgment was made, but not filed for record with the mortgage, is no more affected with notice of the mortgage than a stranger would be; the decisions that actual notice of an unregistered mortgage is insufficient, adhered to.

*Appeal from Crawford Circuit Court in Chancery.*

Hon. FELIX I. BATSON Circuit Judge.

S. F. CLARK, for the appellant.

A deed does not take effect until it is delivered. *Jackson vs. Richards*, 6 *Cow.* 617; 12 *John.* 419; 4 *Kent's Com.* 454. Merely executing a deed and delivering it to the register for registry is not a delivery; 10 *Mass.* 456; 3 *Metc.* 275; and there is no pretence of an actual delivery to the mortgagee until after the time of the judgment under which the appellant purchased the land.

There was no consideration for the mortgage—the mortgagee held no note or other evidence of indebtedness, and the *onus* of proving a consideration was upon the mortgagee—the recital in the mortgage being insufficient, 4 *Watts* 359; 12 *N. Hamp.* 248.

Where a deed is executed under a power of attorney, to show title under the deed it is necessary to produce the power of attorney as well as the deed. 1 *Taylor* 25; 3 *B. Mon.* 529.

DUVAL & KING, for appellees.

The acknowledgment of the mortgage having been made before the appellant, as clerk, it was his duty to see that the power of attorney was properly executed and proven before admitting it to record. *Secs.* 22, 23, 24, 25 *ch.* 37 *Dig.* It was a fraud for the appellant to permit the deed to go upon the record and then avail himself of the insufficiency of the instrument.

Mr. Justice FAIRCHILD, delivered the opinion of the Court.

On the 14th of June 1854, a mortgage was signed with the names and seals of Charles B. Johnson, Marshall Grimes and G. Adolphus Meyer, by which two town lots in Fort Smith were mortgaged to Marcellus Duval, to secure to him the payment of two thousand dollars, which Johnson, Grimes & Co., a firm composed of the three men whose names were affixed to the mortgage, owed to him. The name of Johnson was signed by Grimes as his attorney in fact.

The mortgage was acknowledged before Carnall, the clerk of Sebastian county, on the 15th day of June 1854, by Grimes and Meyer in person, and by Grimes as the attorney in fact of Johnson, and was filed for record on the 17th of the same month.

Although the letter of attorney authorizing Grimes to act for Johnson was exhibited to the clerk when the mortgage was acknowledged, and is so certified by the clerk, it does not appear to have been filed for record with the mortgage, nor is there any reference to it as already of record, from its connection with any other transaction, nor proof of its having at any time been recorded.

The mortgage remained in the Recorder's office, where it had been placed on file, till the ensuing October, when it was called for by Grimes, and by him taken and handed to Duval, the mortgagee. He was not in the county when the mortgage was signed and recorded, and there is no proof that he knew of it till it was handed to him by Grimes, although it was prepared by his brother; who was his attorney and had under his charge the unsettled business between the mortgagee and Johnson, Grimes & Co.

In the interval between the filing of the mortgage and its withdrawal from the Recorder's office, judgments were rendered in the Circuit Court of Sebastian county against Johnson & Grimes, and against Grimes & Meyer. On these judgments and on one rendered, in February 1855, against Johnson, Grimes & Meyer, executions were issued, levied on the lots included in the mortgage, and Carnall purchased them, took a sheriff's deed, and now as defendant in the original bill, brought by the mortgagee, to foreclose the mortgage and as plaintiff in the cross bill, claims to hold them free from any incumbrance created by the mortgage.

He insists that the mortgage was executed, has been held, and is prosecuted to foreclosure, for the benefit of the mortgagors; that it was not made to secure a debt to the mortgagee, as none was due to him, and was made when the makers were owing the debts upon which the judgments mentioned were

OF THE STATE OF ARKANSAS. **139**

Term, 1860]     Carnall vs. Duval, as adm'r. et al.

founded, and while they were in failing circumstances, upon the point of insolvency not then manifest, but which soon became evident; in short, that the mortgage was made to defraud and delay creditors, and void:   Or, that, if not invalid for that reason, the judgments rendered in August 1854 became liens upon the lots prior to the mortgage, as it was not delivered to the mortgagee till October 1854:   Or that, if these objections fail, the mortgage did not incumber the interest of Johnson, because his power of attorney to Grimes was not filed for record with the mortgage.

Little need be said of the alleged fraudulent character of the mortgage, as no evidence sustained the charge, and as the answer to the cross-bill abundantly refutes it, being also strengthened by an exhibition of the dealings of the mortgagee with Johnson & Grimes, and Johnson, Grimes & Co.

It is also fully established by the answer to the cross-bill, with no opposing evidence, that the mortgage was made for the benefit of Duval alone, to secure him in a highly meritorious debt due to him from Johnson, Grimes & Co., for money deposited with them.   That they were in debt, and to an extent beyond their means to pay, was their reason for securing the debt they owed to Duval, and in so doing they only exhibited a preference that the law allows failing debtors to execute.

The earnest arguments preferred against the validity of the mortgage cannot take the place of evidence, and the circumstances relied on are either only pleadings, or if facts, consistent with the rules of law, and with good faith on the part of the mortgagors.

That no note or bond was given, or existed to witness a demand, that no time was mentioned when the mortgage should become absolute, or liable to foreclosure, did not invalidate the mortgage.   If there was a debt owing it was immaterial how it was evidenced, or whether capable of proof at all. No time being given for extension of payment, the debt was due then and subject to immediate enforcement.

The mortgage being drawn and signed to secure an existing

debt, the makers having a legal right to prefer that debt to others, was executed by delivery when it was filed in the recorder's office. It was placed there for the security of Duval, was recorded to secure him; and though he was absent, his subsequent acceptance of the deed was a ratification of the act intended for his benefit. Upon both these points it is sufficient to refer to *Hempstead vs. Johnson*, 18 *Ark.* 123.

The mortgage was then prior to the judgments in time, its lien was superior to the judgment lien.

The extent of the mortgage lien remains to be ascertained.

It is enacted, that when a deed is made under a letter of attorney, it shall be acknowledged and recorded with any deed made thereunder. *Gould's Digest Ch.* 37 sec. 23; *McDaniel vs. Grace*, 15 *Ark.* 480; *Elliott vs. Pierce*, 20 *Ark.* 515.

The letter of attorney from Johnson to Grimes is not brought into this case, and we have therefore no evidence that any such power as was exercised by Grimes was conferred by Johnson.

The clerk, in taking the acknowledgment of the mortgage, states that the power of attorney was exhibited to him, and that it was duly acknowledged. Of that, the clerk may judge for the purpose of admitting the deed to record, but his certificate is no evidence in this case that the title of Johnson has passed, or been incumbered by the act of Grimes. To be evidence of the authority of Grimes, to show the execution of the mortgage by Johnson, it should have been recorded with the mortgage, been exhibited with it in the pleadings of this case, been admitted by the opposing parties, or been proved on the trial.

But the clerk, who took the acknowledgment of Grimes as the attorney in fact of Johnson, and certified to the exhibition of the letter of attorney, and its acknowledgment, is the same person that bought the lots under execution, and is now claiming Johnson's part of them for want of the record of a letter of attorney from Johnson to Grimes, and he is met with the argument that he cannot deny that Grimes acted under authority from Johnson, because he himself has so certified.

The clerk could not record the letter of attorney unless it had

been filed in the recorder's office; he could not file it unless Grimes, or some one for Johnson, or for the mortgagee, had offered it for filing. It might have been well for the clerk and recorder to have informed Grimes, the acting attorney in fact for Johnson, that the letter of attorney must be filed, to be effectual to make the mortgage Johnson's deed, but he was not compelled to do so by official duty.

The recorder is a ministerial officer, to record such papers as are entitled to record, not to advise parties interested of the legal effect of papers or of their not being recorded. And the mortgage, without the power of attorney, was required to be recorded as the deed of Grimes and of Meyer. We cannot see wherein the clerk is shown to have been faithless touching his official duty as clerk or as recorder.

As clerk he took the acknowledgment of Grimes as attorney in fact for Johnson, and certified it because the letter of attorney duly acknowledged was exhibited to him. As recorder he did not record it, because it was not filed in his office for record. At least such is the case as here presented.

The subsequent purchase by the clerk, of the lots under executions, is as good as the purchase of any other person would have been, who knew the facts that he knew, unless there were some statute or rule of law, to prevent him from buying property under execution. We have not been referred to such law, we know of none.

And if the act of the clerk were fraudulent and sought to be set aside therefor, the fraud should have been alleged in the original bill, or in answer to the cross-bill—and this is not done.

Carnall certainly had notice of the mortgage being the act and deed of Johnson: for before his purchase, before the rendition of the judgments, on which the executions under which he bought were issued, he saw the power of attorney from Johnson to Grimes, and that it was acknowledged. But actual notice of a mortgage is construed not to be binding notice; nothing but its being filed for record before the purchase will

142        CASES IN THE SUPREME COURT

Carnall vs. Duval, as adm'r. et al.      [OCTOBER

make the purchase subject to the mortgage. *Mason vs. Alexander*, 4 *Eng*. 117; *Hannah vs. Carrington*, 18 *Ark*. 105; *Jacoway vs. Gault*, 20 *Ark*. 105.

To these decisions my brother judges have determined to adhere; and I cannot but admit that *sec*. 35 *of ch*. 37 *of Gould's Digest* is a legislative construction of the subject matter of the decisions, and of like import.

It. follows from this opinion that Johnson's interest in the mortgaged lots was not incumbered by the mortgage, that it was bought by Carnall. That interest was one half of lot number four in block number two, and one third of lot number seven in block number four, of the town of Fort Smith, as described in the original bill.

The decree of the court below is reversed and Benjamin T. Duval, the administrator of Marcellus Duval, the mortgagee, should have the relief prayed for in the original bill as to the undivided half and two thirds of the lots specified, while Carnall upon his cross-bill is entitled to the other half and one third of the lots.

Let each party pay his own costs in this court and in the court below; and the case be remanded for a decree, and its execution in conformity with this opinion.