## VAUGHAN v. NORWOOD ET AL.

STATUTE OF LIMITATIONS: *On sealed instruments.*

The provision in the Constitution of 1874, applying the statute of limitations of ten years to sealed instruments executed after the adoption of the Constitution of 1868, extends as well to sealed instruments executed since the adoption of the Constitution of 1874.

APPEAL from *Sevier* Circuit Court.
Hon. W. T. CAMPBELL, Special Judge Circuit Court.

*B. B. Battle* for appellant.

The writing obligatory under seal was executed after the adoption of the Constitution of 1868, and was not barred until the expiration of ten years. *Schedule to Const. 1874, sec. 1; Dyer v. Gill, 32 Ark., 410.*

SMITH, J. These were actions on writings obligatory or promissory notes, under seal, made in the year 1876, and falling due on the first of November in that year. The actions were begun February 10, 1883, and the pleas were, the statute of limitations of five years. To these pleas the plaintiff demurred; his demurrers were overruled; and the plaintiff, electing to stand upon his demurrers, final judgment was entered discharging the defendants.

The sole question is, whether the notes sued on were barred at the commencement of the actions. More than five years had elapsed between the maturity of the notes and the institution of suit. The limitation, at the time the Constitution of 1868 went into force, was, upon sealed instruments, ten years, and upon unsealed instruments, five years. By that Constitution, private seals were abolished. But the proviso to *section 1 of the Schedule to the Constitution of 1874,* enacts that the statute of limitations, with regard to sealed and unsealed instruments, in force at the time of the adoption of the Constitution of 1868, shall continue to apply to all instruments afterwards executed, until altered or repealed.

The convention probably intended their provision to apply only to instruments executed between 1868 and 1874, when the idea had not yet become familiar that the holder of paper with a seal to it had no longer time to bring his action than if it bore no seal. And in the cases that have heretofore come before the court, involving the construction of this provision (*Dyer v. Gill, 32 Ark., 410; Stephens v. Shannon, 43 Ark., 464*), the paper was made in that interval. But the language of the proviso plainly extends as well to instruments executed since the adoption of the Constitution of 1874. Its effect is to revive a senseless distinction between sealed and unsealed instruments. For no good reason can be given for allowing the holder of a note ten years to sue, provided the maker has affixed a scrawl to his signature ; whereas, if there is no scrawl, he has but five. But the law is so written, and we shall not attempt to construe it away.

Judgment reversed and cause remanded, with directions to sustain the plaintiff's demurrers to the answers.