FOSTER et al. v. JETT et al.

(Circuit Court of Appeals, Eighth Circuit. May 2, 1896.)

No. 656.

PROMISSORY NOTES—SEALS—ARKANSAS STATUTES.

Under the statutes of Arkansas and the constitutions of the state of 1868 and 1874, as interpreted by its courts, two kinds of promissory notes are recognized, those under seal and those not under seal, which differ only in the periods of limitation applicable to them, respectively, the former being barred in ten and latter in five years. Accordingly, *held* that, where a deed of trust in the nature of a mortgage recites that it is made to secure promissory notes, though not specifying that such notes are under seal, one who accepts a subsequent mortgage on the same property, more than five but less than ten years from the making of the first mortgage, cannot claim the benefit of the Arkansas statute (Acts 1889, c. 58) limiting suits to foreclose mortgages to .the period within which actions may be brought on the debts secured, and providing that payments to continue the life of the debt, as against third parties, must be indorsed on the record before the statute has run. *Held,* further, that in such case the subsequent incumbrancer was bound to inquire whether the notes secured by the first incumbrance were executed under seal, and having failed to do so the first incumbrancer was not estopped from showing that the notes by him held were sealed instruments.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

D. F. Jett, as trustee, and W. B. Mallory and W. J. Crawford, who are the appellees, filed a bill against Thomas Foster and Vienna Foster, his wife, and against E. C. Hornor, trustee, Sidney H. Hornor, and Hamilton S. Hornor, who are the appellants, to foreclose a certain deed of trust in the nature of a mortgage, which was executed by Foster and wife on March 5, 1884, to secure the payment of certain notes that were drawn by said Thomas Foster in favor of the firm of Mallory, Crawford & Co., said firm being composed of the appellees W. B. Mallory and W. J. Crawford. A statute of the state of Arkansas, which was approved on March 25, 1889 (Acts Ark. 1889, c. 58, p. 73), contains the following provision:

"Section 1. That in suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, that when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debt, or to extend the operations of the statute of limitation with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk."

The defendants to said bill of complaint, namely, Foster and wife, Edward C. Hornor, trustee, Hamilton S. Hornor, and Sidney H. Hornor, filed an answer to the bill, wherein they averred, in substance, the following facts: That the deed of trust in favor of Mallory, Crawford & Co. was executed as charged in the bill on March 5, 1884, to secure the notes therein specified, but that said notes were not executed under seal; that, if any payments had been made on said notes as was charged in the bill of complaint, such credits had never been indorsed on the margin of the record where the deed of trust was recorded as the aforesaid statute of the state of Arkansas required; that on January 10, 1894, Foster and wife executed a second deed of trust on a part of the lands covered by the first deed of trust in favor of E. C. Hornor, as trustee, to secure a certain indebtedness which Thomas Foster then owed

to the defendants Hamilton S. Hornor and Sidney H. Hornor; and that at the date of the execution of such second deed of trust, the defendants H. S. and S. H. Hornor had no notice, either in law or in fact, that the prior deed of trust in favor of Mallory, Crawford & Co. was an existing incumbrance on the land by reason of the fact that payments had been made on the notes thereby secured. The Laws of Arkansas (Mansf. Dig. c. 97) contain the following provisions relative to limitations:

"Sec. 4483. Actions on promissory notes, and other instruments in writing, not under seal, shall be commenced within five years after the cause of action shall accrue, and not afterward.

"Sec. 4484. Actions on writings under seal shall be commenced within ten years after the cause of action shall accrue, and not afterward."

In view of the premises, the defendants pleaded that the complainants had not instituted their suit within the time prescribed by the statutes of Arkansas within which suits must be brought to foreclose or enforce mortgages. The circuit court overruled the defense, and the defendants below have appealed.

John J. Hornor (E. C. Hornor, on brief), for appellants.

M. L. Stephenson (Jacob Trieber, on brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

When the notes secured by the first deed of trust were produced and offered in evidence on the trial in the circuit court, they turned out to be instruments under seal, although they were described in the deed of trust as promissory notes. One of these notes, which will serve as a type of all, except as to amounts, was in the following form, to wit:

"$1,652.41.                    La Grange, Ark., March 5, 1884.

"Twelve months after date I promise to pay to the order of Mallory, Crawford & Company, one thousand six hundred and fifty-two and 41/100 dollars, at the banking house of John S. Hornor & Son, Helena, Arkansas, with interest at the rate of ten per cent. per annum from date until paid. Value received.
                    "Thomas Foster. [Seal.]"

The period of limitation which applies to "writings under seal" in the state of Arkansas, as above stated, is 10 years, and the present suit appears to have been commenced on January 31, 1894. Therefore the suit to foreclose the deed of trust in controversy was brought before the period of limitation prescribed by law for a suit on the debt thereby secured had expired, and the suit was not barred by the provisions of the act of March 25, 1889, above quoted in the statement. The real defense to the suit which the defendants seek to interpose in this court, although it was not pleaded in the answer, is that the written obligations which the deed of trust held by the complainants below was given to secure were not correctly described therein, and that by reason of such misdescription the defendants H. S. Hornor and S. H. Hornor were misled to their prejudice when they accepted the second deed of trust. It is urged, in substance, that as the deed of trust described the obligations thereby secured as "promissory notes," said last-named defendants were entitled to infer from the record that the obligations so described were ordinary promissory notes, not under seal, which would be barred by limitation after the lapse of five years from the date of maturity, and

that because of the lapse of that period before the second deed of trust was executed, the defendants had the right to presume that the first deed of trust had ceased to be a lien. In legal effect, therefore, the defense interposed in this court is that the complainants below are estopped, as against the holders of the second deed of trust, from asserting a prior lien under the first mortgage. We think that this latter defense would not be tenable even if it appeared that it was well pleaded in the answer. It is obvious that the obligations secured by the first deed of trust were not intentionally misdescribed with a view of deceiving a subsequent incumbrancer or purchaser, because the deed of trust was executed long before the passage of the act of March 25, 1889, when it was utterly immaterial whether the obligations were described simply as promissory notes or as promissory notes under seal. As the law stood when the mortgage was executed, the lien thereof was not affected or impaired by the fact that it omitted to state that the instruments evidencing the debt were executed under seal, inasmuch as the mortgage correctly specified the amount of the debt, and contained words of description sufficient to identify the indebtedness intended to be secured. Curtis v. Flinn, 46 Ark. 70, 72; Carnall v. Duval, 22 Ark. 136. It is obvious, therefore, that the misdescription complained of was not intended to mislead or to deceive any one, and that the junior incumbrancers are not in the attitude of persons who have been intentionally misled to their prejudice.

Moreover, under the laws of the state of Arkansas, as construed by its highest court, the obligations secured by the first deed of trust in favor of Mallory, Crawford & Co. do not appear to have been misdescribed, although they were termed "promissory notes." This conclusion, we think, is warranted by the following facts: The constitution of the state of Arkansas, which was adopted in the year 1868, contained the following provision:

"Private seals are hereby abolished, and hereafter no distinction shall exist between sealed and unsealed instruments concerning contracts between individuals." Const. 1868, art. 15, § 16; Mansf. Dig. p. 142.

The subsequent constitution of that state, which was adopted in the year 1874, contained the following paragraph on the same subject:

"Until otherwise provided by law, no distinction shall exist between sealed and unsealed instruments concerning contracts between individuals executed since the adoption of the constitution of 1868, provided that the statutes of limitation with regard to sealed and unsealed instruments in force at that time continue to apply to all instruments afterward executed until altered or repealed." Schedule to Const. 1874, § 1; Mansf. Dig. p. 84.

In the case of Dyer v. Gill, 32 Ark. 410, these provisions of the two constitutions of the state were considered with reference to a note that had been executed under seal after the adoption of the constitution of 1868, and it was held, in substance, that the addition of a seal after the maker's signature did not alter the character of the instrument, but that it still remained a simple contract, or, in other words, a promissory note. It was further held, however, in the same case, that the provision found in the schedule to the con-

stitution of 1874, supra, operated to extend the period of limitation from five to ten years in those cases where a promissory note was thereafter executed under seal. This case has been referred to and approved in the subsequent cases of Stephens v. Shannon, 43 Ark. 464, 468; Vaughan v. Norwood, 44 Ark. 101; Wilson v. Pryor, Id. 532, 535. It seems, therefore, that there are now two kinds of instruments in use in the state of Arkansas which are recognized alike as promissory notes, and may properly be described as such. To the one class belong those notes not under seal which are subject to the statutory bar of five years, and to the other class belong notes executed under seal which are subject to the statutory bar of ten years. In all other respects, the two kinds of notes are alike, and notes of both kinds are regarded as simple contracts. The result is that if the maker of a promissory note drawn in the state of Arkansas adds a seal to his signature, it does not change the character of the instrument in any respect, but simply extends the period of limitation.

Such being the local law on the subject, we think that the defendants below are in no condition to complain that they were misled by the provisions contained in the first deed of trust, or by the record thereof. As the statutes of the state and local decisions recognized two kinds of obligations termed "promissory notes," and as the obligations secured by the first deed of trust were thus described, and were in fact promissory notes, the defendants should have ascertained, before accepting the second mortgage, whether they belonged to the class of notes that would be barred in five years or in ten. No sufficient reason exists, therefore, for holding that the owners of the first deed of trust are either barred of their right to foreclose the same, or that they are estopped to assert a prior lien. The decree of the circuit court was for the right party, and it is hereby affirmed.