GIFFORD-HILL & Co., INC. *v.* BRASWELL SAND & GRAVEL Co., INC.

5-1192                                                        300 S. W. 2d 24

Opinion delivered March 25, 1957.

*Shaver, Tackett, Jones & Lowe,* for appellant.

*Cecil E. Johnson* and *Chas. C. Wine,* for appellee.

PAUL WARD, Associate Justice. Appellant, Gifford-Hill Company, Inc., and appellee Braswell Sand and Gravel Company, both claim the right to produce and sell sand and gravel from lands lying in Little River and Sevier Counties, and also claim, in connection therewith, the right to the use of personal property and equipment situated on said lands. Appellee's claim is based on a lease and assignments emanating from the owner of said lands and personal property. Appellant's claim is based on a subsequently executed quitclaim deed by said owner which, it contends, conveys title free and clear of any right or claim on the part of appellee.

On January 16, 1942 Nina V. Jones, as the owner in fee of said lands and personal property, executed a lease contract with the Little River Sand and Gravel Development (a partnership) whereby lessee was to have the exclusive right to produce sand and gravel from said lands, and to use the personal property and equipment

in doing so. The term of the lease contract was 4-1/2 years from the date of execution and "as long thereafter as the production of gravel and sand from said lands shall be carried on by the lessee with due diligence . . ." Lessee was obligated to expend an amount not exceeding $25,000 in repairing and replacing the said equipment which was recognized in the lease to be "largely obsolete and in a state of bad repair, . . ." Both the lessor and the lessee were to be liable *pro rata* for the payment of severance taxes levied by the State of Arkansas. This lease deed was recorded February 24, 1942.

On October 7, 1943 the same parties mentioned above executed a written "Amended Lease Agreement" which amended the lease agreement set forth above in several particulars. One of these amendments provided that the lessee should pay $500 each year to maintain said lease in force and effect after the expiration of the aforementioned 4-1/2 years, said payments to be made to the lessor, Mrs. Nina V. Jones, or to her credit in the Merchants National Bank and Trust Company of Vicksburg, Mississippi.

On October 4, 1945 the Little River Sand and Gravel Development, designated as assignor, entered into a written contract with appellee, designated as assignee, whereby the assignor sold, assigned and conveyed unto the assignee all of its right, title and interest acquired under the aforementioned lease and amended lease. Among other things this instrument recognized that assignor was charging assignee $40,000 for the equipment located on said lands to be paid as sand and gravel were produced and sold. It also provided that the assignee, appellee, should maintain the aforementioned

$500 yearly payments to Nina V. Jones. The above assignment was signed by the assignor in this manner:

> "LITTLE RIVER SAND AND GRAVEL DEVELOPMENT
> BY Sidney G. Myers
> Sidney G. Myers, individually and as agent and attorney in fact for
> Richard M. Sellwood, Jr., and Joseph G. Sellwood."

On October 6, 1945 Joseph G. Sellwood (mentioned above) individually and as agent and attorney in fact for Richard M. Sellwood, Jr., ratified the acts of Sidney G. Myers in executing the contract mentioned above on October 4, 1945.

On October 11, 1945 by a written contract filed for record on November 30, 1945, appellee entered into a lease agreement with the Kansas City Southern Railway Company relative to certain rail and track material on the lands in question.

On October 25, 1945 there were executed three other written contracts or agreements ratifying the assignment to appellee on October 4, 1945 and providing for royalty payments to Nina V. Jones.

With the exception of the original lease executed on January 16, 1942, as heretofore mentioned which was filed February 24, 1942, and with the exception of the rail lease agreement executed on October 11, 1945, as heretofore mentioned, which was filed on November 30, 1945, all of the written contracts, agreements and assignments, mentioned above were filed of record on September 8, 1953.

The record discloses that all royalty payments mentioned in the above instruments accrued up to the time this litigation began were paid to and received by Nina V. Jones or the bank designated by her. There is testimony in the record to show that appellee had not been actively engaged at all times in the production of sand and gravel on the lands involved, but that it had main-

tained a watchman at the site of the property and had paid severance taxes to the state up until this suit was filed.

On October 13, 1953, Nina V. Jones for ''$100 and other good and valuable considerations'' executed to appellant a quitclaim deed to all of the real and personal property involved in this litigation. This quitclaim deed was filed for record on October 16, 1953.

On April 15, 1954 appellant filed a complaint in the chancery court seeking to restrain appellee from removing sand and gravel from the lands involved herein and asking that all of the lease agreements, assignments, etc. under which appellee claims be cancelled as clouds upon its title. It was appellant's contention that it was a *bona fide* purchaser without notice of appellee's claim, and also that appellee's rights had been forfeited by abandonment of operations. The testimony presented a fact question as to whether appellee had in fact abandoned operations to the extent of forfeiting its rights, but it is unnecessary for us to consider the case from that standpoint, because we agree with the chancellor that appellant was not a *bona fide* purchaser without notice.

Appellant ably contends that the assignment (to appellee), which was placed of record September 8, 1953, did not constitute constructive notice to it, for the reason that it was executed by an attorney in fact without the power of attorney having been placed of record. To support this contention appellant relies upon Ark. Stats. § 50-422 and the following decisions of this court: *Carnall* v. *Duval,* 22 Ark. 136; *DuVal* v. *Johnson,* 39 Ark. 182; *Jones* v. *Green,* 41 Ark. 363, and; *Hershy* v. *Berman,* 45 Ark. 309.

There are, however, convincing reasons why we cannot agree with appellant's contentions. In the first place, the authorities relied on by appellant are not applicable to the facts of this case. The rule of law announced by them is fairly stated in the second headnote in the *Jones* case, *supra*: ''Powers by which deeds are made must be

recorded, or the record of the deed will not be notice to a *subsequent purchaser from the party executing the power."* (emphasis supplied). In the case under consideration appellant did not *purchase from the party executing the power of attorney.*

If any one in this case executed a power of attorney, it was of course a partner in the Little River Sand and Gravel Development, and appellant's quitclaim deed was executed by Nina V. Jones.

There are also other reasons why appellant cannot prevail. The lease from Nina V. Jones to the Little River Sand and Gravel Development, dated January 16, 1942 and recorded February 24, 1942, (as amended on October 7, 1943) contained a provision for standby rentals to keep the lease alive. This lease was not executed by a power of attorney and appellant was of course charged with constructive notice. If appellant had made inquiry of Nina V. Jones it would have learned that appellee's lease had been kept alive by the regular payment of rentals.

Not only so but, contrary to appellant's assumption, the validity and force of appellee's lease did not depend entirely on an unrecorded power of attorney. At least two of the partners of the Little River Sand and Gravel Development (Sidney G. Myers and Joseph G. Sellwood) signed in their own rights.

Affirmed.