## C. F. CARRIER *et al. v.* H. L. DIXON *et al.**

## (*Knoxville.*   September Term, 1919.)

1. **CORPORATIONS.**  Sale by majority stockholders of property of insolvent company.

Despite noncompliance with Acts 1907, chapter 437, the majority stockholders of a corporation in failing circumstances and insolvent, acting in good faith, free from fraud or imposition, had the right to sell the property of the company for a fair and adequate price, though minority stockholders objected. (*Post, pp.* 124-126.)

Acts cited and construed: Acts 1907, ch. 437.

Cases cited and approved: Philips v. Providence Steam Engine Co., 21 R. I., 302; Treadwell v. Salisbury Manufacturing Co., 7 Gray (Mass.), 393; State ex rel. v. Woolen Mills Co., 115 Tenn., 266-273; Parker v. Bethel Hotel Co., 96 Tenn., 252-273; Watts v. Gordon, 127 Tenn., 96-101; Union Pac. Ry. Co. v. C., R. I. & P. R. Co., 163 U. S., 564.

2. **CORPORATIONS.**  Fiduciary Relation of majority stockholders in disposing of corporate property.

Majority stockholders of an insolvent and failing company occupied a fiduciary relation to the minority stockholders, and were held to the highest good faith in the disposition of the corporate property; but the trust imposed upon them having been discharged, and it being shown that their action were just and fair to the interests of all, minority stockholders will not be heard to invoke the well-grounded principles applied in cases involving fraud, imposition, or design to obtain corporate property by ulterior means. (*Post, pp.* 126, 127.)

Case cited and approved: Hayden v. Official Hotel Red Book Co. (C. C.).

---

*On power of officers or majority stockholders as against minority stockholders, to sell property of corporation essential to its existence as a going concern, see note in 35 L. R. A. (N. S.), 396.

Carrier v. Dixon.

3. **CORPORATIONS.** Minority stockholders participating in benefits cannot complain of sale of property of insolvent company by majority.

Minority stockholders in a failing corporation, invited to join with majority stockholders, arranging a sale of its property, in the benefits of the sale, and to share equally on an even basis in the success or failure of the concern under new management, cannot complain of the sale by the majority stockholders. (*Post, p.* 127.)

Case cited and approved: Southern Pacific Co. v. Henry L. Bogert et al., 250 U. S., 483.

4. **CORPORATIONS.** Minority stockholders barred by laches from setting aside transfer of property by majority.

Where minority stockholders, with knowledge of the failing condition of the company, its impending bankruptcy, and the necessity of immediate sale of its property, and fully advised of all facts incident to re-establishment under new management, stood by without objection for months and witnessed large expenditures by the purchasers of the company's property in furtherance of the new concern, knew of the payment of debts of the old company, and did not seek redress against the sale of its property by the majority stockholders until the venture was successful, their action to set aside the transfer of the property by majority stockholders is barred by laches. (*Post, pp.* 127, 128.)

5. **CORPORATIONS.** Majority stockholders justified in selling assets not taxable with costs in action to set aside sale.

In an action by minority stockholders to set aside transfer of the company's property to a new company pursuant to majority vote of the stockholders, the action of the majority having been upheld as proper and in good faith, defendant majority stockholders are not taxable with costs incident to trial or appeal, though subsequently, after the sale, by reason of business acumen or improved condition of trade, the corporate venture became successful. (*Post, p.* 128.)

## FROM CARTER.

Appeal from the Chancery Court of Carter County.
—Hon. Hal. H. Haynes, Chancellor.

J. R. Simmons and Lee F. Miller, for Carrier and others.

Cox & Taylor, for Dixon and others.

Mr. Justice Bachman delivered the opinion of the Court.

This action was instituted by complainants to annul and set aside a transfer of the property of the Carrier Chair Company made to defendants pursuant to a majority vote of the stockholders of said corporation on September 4, 1915, directing a sale of the property. The basis of relief sought was noncompliance with the provisions of chapter 437 of the Acts of 1907, that the action taken was that of the stockholders and not of the directors of the corporation, and that the transaction was fraudulent and void, in that the consideration of the transfer was so inconsiderate as to constitutte an imposition upon the rights of complainants as dissenting minority stockholders. The chancellor dismissed the bill, and his action was affirmed by the court of civil appeals. We find no error in the judgment of the court of civil appeals, save as to the adjudication of costs, and the same is modified and affirmed.

The decision of questions here presented is simplified by, and based upon, the concurrent findings of the chancellor and the court of civil appeals, to the effect that at the time of the sale of the corporate property the corporation was in failing circumstances and insolvent,

that the action of the majority stockholders was in good faith, free from fraud or imposition, and that the price offered and accepted was adequate and fair, We are of opinion that the provisions of the act of 1907 are in no wise mandatory upon private corporations financially circumstanced as was the Carrier Chair Company at the time of the sale of its property. The act cannot be construed to be restrictive or exclusive in character. It is a statutory regulation of procedure in addition to, and not in conflict with, the well-recognized principles of common law applicable to the acts of corporations of similar status to the one here. Without reference to the law applicable to the dissolution of, or the sale of property belonging to, solvent, dividend-earning corporations, it has never been questioned that in the case of embarrassed or insolvent concerns the will of a majority of the stockholders, when acting fairly and in good faith, is supreme, and that minority or dissenting stockholders will not be permitted to obstruct or interfere with the conduct of corporate affairs directed by the majority. *Philips* v. *Providence Steam Engine Co.*, 21 R. I., 302, 43 Atl., 598, 45 L. R. A., 560; *Treadwell* v. *Salisbury Manufacturing Co.*, 7 Gray (Mass.), 393, 66 Am. Dec., 490; 7 R. C. L., section 562; *State ex rel.* v. *Woolen Mills Co.*, 115 Tenn., 266-273, 89 S. W., 741, 2 L. R. A. (N. S.), 493, 112 Am. St. Rep., 825; *Parker* v. *Bethel Hotel Co.*, 96 Tenn., 252-273, 34 S. W., 209, 31 L. R. A., 706.

Prior to and since the passage of the Acts of 1907, the majority stockholders, acting in good faith, had the right to sell the corporate property upon such terms as

they in the exercise of good faith and fair dealings deemed to the best interest of all concerned. The action of the corporation authorizing the disposal of the corporate property by resolution of the stockholders, and not by the directors, cannot be complained of in the absence of some showing that the control and management of the corporation was not vested in the stockholders. These are the parties vitally interested; their determination of corporate affairs is authoritative. *Watts* v. *Gordon,* 127 Tenn., 96-101, 153 S. W., 483; *Union Pacific Railway Co.* v. *Chixago, R. I. & P. R. Co.,* 163 U. S., 564, 16 Sup. Ct., 1173, 41 L. Ed., 265; Thompson on Corporations (7 Ed.), sections 8402, 8403.

The finding of fact that the amount offered and accepted for the stock of the corporation was fair and adequate disposes of the assignments of error touching the alleged *ultra vires* character of the authorization of sale and the right of complainants to recover the value of the property. It is true that the majority stockholders occupied a fiduciary relation to the minority stockholders, and were held to the highest good faith in the disposition of the corporate porperty but when the trust imposed upon them has been discharged, and it is shown that their actions were just and fair to the interest of all, minority stockholders will not be heard to invoke the well-grounded principles applied in cases involving fraud, imposition, or a design to obtain corporate porperty by ulterior means. Where the transaction is eminently fair, and actuated by desire to best serve the interests of a failing concern, a sale to stockholders will not be interfered with. 10 Cyc., 814; *Hayden* v. *Official Hotel Red Book Co.* (C. C.), 42 Fed., 875.

Our investigation of the cases cited in support of the contentions made by complainants discloses in every instance that the facts upon which the decision is based differ entirely from those of the instant case upon which the errors complained of are predicated. In each case there appears either imposition, bad faith, inadequancy of price, or the application of statutory regulation. The case of *Southern Pacific Co.* v. *Henry L. Bogert et al.*, 250 U. S., 483, 39 Sup. Ct., 533, 63 L. Ed., —, is strongly urged upon us as applicable to the present case. Recognizing the correctness of the principle there applied we see no similarity of facts. There the reason for relief, while not based upon fraud or mismanagement, was that the majority stockholders, acting in a fiduciary capacity, had secured profits which were not shared with the minority. "The wrong lay not in acquiring the stock but in refusing to make a *pro rata* distribution on equal terms among the old Houston Company shareholders." Here the minority stockholders were invited to join with the minority, and on an even basis to share equally the success or failure of the concern under new management. They cannot now complain.

There was no error in holding that complainants were estopped by their laches to maintain their action, with knowledge of the failing condition of the corporation, its impending bankruptcy, and the necessity of immediate sale, they were fully advised of all the facts incident to the re-establishment of the corporation under its new management. With such knowledge and without objection they stood by for months and witnessed large expenditures by the defendants in the furtherance of the

new. concern, knew of the payment of the debts of the old corporation, and not until success was apparent was redress sought. They cannot await the successful or unsuccessful turn of affairs before seeking relief.

We are of opinion that the court of civil appeals erred in taxing the defendants with any part of the costs incident to the trial or appeals. That the purchase of the property has proven profitable affords no reason for burdening defendants with costs. The action of the majority stockholders having received the stamp of approval, when investigated in the light of circumstances surrounding the condition of the corporation at the time of sale, is not afterwards subject to criticism, if by reason of business acumen or improved conditions of trade generally the venture is successful. Modified alone as to costs, the judgment of the court of civil appeals is affirmed.