**TELLER et al. v. W. A. GRISWOLD CO. et al.**

**No. 7084.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 5, 1937.

Charles C. Moore, of Chattanooga, Tenn. (Cornelius, McKinney & Gilbert, of Nashville, Tenn., on the brief), for appellants.

George H. Armistead, Jr., and Cecil Sims, both of Nashville, Tenn. (Trabue, Hume & Armistead and Bass, Berry & Sims, all of Nashville, Tenn., on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal by minority stockholders from a decree dismissing a bill in equity praying for receivership, and for a decree setting aside a sale of the assets and surrender of the charter of the W. A. Griswold Company, a Tennessee corporation, and for a retransfer of the assets. Appellants contend (1) that sufficient corporate action authorizing the transfer is lacking, and (2) that the transfer was fraudulent.

At a special meeting of stockholders held on April 10, 1933, a resolution was passed directing the officers and directors of the corporation to sell and convey all of the corporate assets. At that time the corporation owed about $148,000 to the American National Bank of Nashville, $53,000 to Tennessee Enamel Manufacturing Company, and in addition other debts amounting to several thousand dollars, including two years' taxes. There was also outstanding $100,000 of preferred stock on which dividends amounting to $12,000 were in default. As found by the court, the corporation was hopelessly insolvent. The assets were transferred to a new corporation organized for the purpose by the two principal creditors, who held all the stock and agreed to pay all the indebtedness except those debts owing to themselves. This agreement was consummated. The resolution for transfer was passed by more than a three-fourths majority vote of

the stockholders, appellants, common stockholders being the only dissenters. Appellants were not rightly entitled to vote, because under the charter and by-laws, the preferred stock had the exclusive voting power, as the dividends thereon were in default. The preferred stock was voted unanimously in favor of the resolution. No objection was raised to the voting of appellants' common stock. The directors took no action, but the president and secretary of the corporation executed the instruments transferring the assets to the new corporation.

■ Appellants claim that the transfer is null and void because it was not authorized by vote of the directors. They rely upon section 3748 of the Tennessee Code of 1932, which provides for the sale of corporate assets by the directors.[1] An earlier provision of the Tennessee statutes, chapter 437 of the Acts of 1907, which is almost identical with the statute relied on here, was construed in Carrier v. Dixon, 142 Tenn. 122, 218 S.W. 395, where a similar transfer was attacked upon the ground that the directors had not acted. That case held that the statute is permissive but not mandatory upon insolvent corporations. The court at page 125 of 142 Tenn., 218 S.W. 395, says "it has never been questioned that in the case of embarrassed or insolvent concerns the will of a majority of the stockholders, when acting fairly and in good faith, is supreme, and that minority or dissenting stockholders will not be permitted to obstruct or interfere with the conduct of corporate affairs directed by the majority." This is the latest pronouncement of the Supreme Court of Tennessee upon this point, and it decides the legal question squarely in favor of appellees. It is axiomatic that we follow decisions of the highest court of the state interpreting statutes of that state. Kentucky Macaroni Co. v. London & Provincial M.

& G. Ins. Co., Ltd., 83 F.(2d) 126 (C.C.A.6).

Knapp v. Supreme Commandery, United Order of the Golden Cross, 121 Tenn. 212, 118 S.W. 390, relied on by appellants, is inapplicable, for it dealt with a solvent corporation.

We conclude that the action by the officers which complied with the resolution adopted by the majority stockholders constituted a proper transfer.

■ Upon the second question, appellants contend that the corporation was solvent at the time of the transfer, and that appellees joined together in a fraudulent scheme to strip the old corporation of its assets to their own advantage. Taking inventory at cost, the books show that on that date there was a net worth of approximately $150,000 in the corporation. But with priorities ahead of common stock was $100,000 of preferred stock, and the assets were worth materially less than their book value. They were purchased at the peak of the market, and no more than a fraction of their cost could be realized from the sale. The transfer was made shortly after the bank holiday, and necessarily at the depression price level.

Appellants complain of the sale of manufactured stoves at less than cost. These assets, as found by the court, were obsolete when sold. Without entering into every detail of this transaction, it suffices to say that under this record, even if the transfer had not been made, the common stockholders could have salvaged nothing. Appellee Griswold received no benefit whatever from the transaction, and the preferred stockholders will not realize more than a fraction of their investment. The finding of the court that neither fraud nor collusion was present is amply supported by the record.

The decree is affirmed.

[1] "Every corporation now existing or which may hereafter be formed hereunder may, by action taken at any meeting of its board of directors, sell, lease or exchange all of its property and assets, including its good will and its corporate franchises, upon such terms and conditions and for such consideration * * * as its board of directors may deem expedient, when and as authorized by the affirmative vote of a majority of the stockholders of record entitled to vote on a proposal to sell, given at a stockholders' meeting called for that purpose."