### HAYDEN *v.* OFFICIAL HOTEL RED-BOOK & DIRECTORY CO. *et al.*

*(Circuit Court, S. D. New York. July 11, 1890.)*

STOCKHOLDERS—SALE OF CORPORATE PROPERTY—PURCHASE BY MAJORITY.

The stockholders of a corporation financially embarrassed, resolved to wind up the business, and authorized the trustees to sell the property to pay debts. At a sale duly advertised, of which the stockholders had notice, and at which many were present, the property was struck off to the secretary, who was also one of the trustees, and bought in the interest of a combination of stockholders formed in good faith, for their own protection, after it seemed probable that the property would not sell except at a great sacrifice. It appears to have been sold for all that it was worth, and the purchase by the secretary was approved by a majority of the stockholders,—by all except the complainant. *Held,* that it is not shown that the action of the majority was oppressive or in bad faith, that the sale would not be set aside on these facts, and a preliminary injunction will be refused.

In Equity.

Bill by a stockholder to set aside a sale of the corporate property to a combination formed by the majority. On motion for a preliminary injunction.

*Louis F. Post,* for complainant.

*William J. Fanning,* for defendants.

WALLACE, J.   It appears upon this motion that the Travelers' Pub-
lishing Company, a commerical corporation, became financially embar-
rassed, and its stockholders, at a meeting called to consider its affairs,
concluded to wind up the business, and sell its property to pay its debts,
and at this meeting authorized the board of trustees to make sale of the
whole or any part of the property at public or private sale, as in their
judgment should seem best; that the trustees concluded to sell the prop-
erty at public auction, and after reasonably advertising the sale, and
giving notice thereof to all the stockholders, they sold that part of it in-
volved in this action; that many of the stockholders, as well as the trus-
tees, were present at the sale, and after several bids were made the prop-
erty was struck off to one Jacques, the secretary, and one of the trustees
of the corporation, he being the highest bidder; that he bought the prop-
erty in the interest of a combination of stockholders, who had united to
protect themselves when, and not until, it appeared that the property
could not probably be sold except at a great sacrifice; and that, imme-
diately after the purchase by Jacques, he transferred the property to a
new corporation, the stockholders of which consisted principally of those
stockholders in the other corporation who had united together.

So far as now appears, the price at which the property was sold to
Jacques was all that it was worth, and everything that was done had the
approval of all the stockholders except the complainant.   Under these
circumstances the sale cannot be annulled at the suit of the complainant,
or of the corporation, assuming that the complainant represents it for
the purposes of this action, merely because the property was bought by
one of the trustees of the corporation.   He was acting with the assent
of those who, being the majority of stockholders, were entitled to repres-
ent the whole body of beneficiaries; and the rule which forbids a trustee
from purchasing for himself or for another the property of which he is
the fiduciary does not extend to a case where he does so with the con-
sent of all interested.   The real question in the case is whether the ma-
jority stockholders were acting in good faith towards the complainant,
as a minority stockholder, in authorizing the sale of the property, and
its purchase by the new corporation.   The right of the majority stock-
holders of a corporation established for manufacturing or trading pur-
poses to wind up its affairs, and dispose of its assets, even against the
objections of the minority stockholders, whenever it appears that the
business can be no longer advantageously carried on, is well recognized.
Treadwell v. Manufacturing Co., 7 Gray, 393; Wilson v. Proprietors, 9. R.
I. 590; Lauman v. Railroad Co., 30 Pa. St. 42.   But they cannot be
permitted to exercise this right in a manner inconsistent with good faith
towards the minority stockholders; and if it is exercised oppressively,
and they purchase the property of the corporation for themselves at an
inadequate price, the transaction will not be permitted to stand.   Ervin
v. Navigation Co., 23 Blatchf. 517, 27 Fed. Rep. 625.   There are circum-
stances in this case which suggest unfavorable inferences; but there is
quite convincing evidence that the only purpose of the stockholders who
combined together, and purchased the property, was to prevent a sacri-

fice of the property, and enable enough to be realized from it to pay off the debts of the corporation, and that they had no design to disregard the interests of the complainant.

It may be that at the final hearing the facts will present a different aspect, but on the case as it now appears a preliminary injunction should not be granted. The motion is denied.