### S. K. NOLAND v. A. P. OWENS.

(Filed September 10, 1903.) ·

1. JUDGMENT ON PLEADINGS. A motion for judgment on the pleadings should be denied where the pleadings raise a question of fact to be tried.

2. JUDGMENT—Not Disturbed, When. Where controverted questions of fact are submitted to the court, and the evidence reasonably supports the finding and the judgment rendered thereon, the supreme court will not disturb such finding and judgment.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*Baldwin & Marsh* and *John Adams,* for plaintiff in error.

*Forrest & Smith,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought by the plaintiff against the defendant to recover a commission alleged to be due for negotiating, as a real estate broker, the sale of real estate.

The plaintiff, in his petition, alleges that he was employed by the defendant to secure a purchaser for certain real estate owned by the defendant and situated in the city

of El Reno, Oklahoma. That pursuant to such employment, he secured for the defendant a purchaser, to-wit: Dick T. Morgan, who was able, ready and willing to purchase said property, and who offered to pay $11,000.00 therefor. In a few months thereafter the defendant sold the property for $11,000.00 to the said Dick T. Morgan. That the defendant had agreed to pay the plaintiff a commission of $250.

To the plaintiff's petition the defendant filed an answer, denying that he was indebted to the plaintiff in the sum of $250, or any other sum whatever, and alleged that the plaintiff had entered into an agreement with the defendant to sell said property for the sum of $11,500.00. That the plaintiff failed to secure a purchaser for said property at the stipulated price, and, in consequence, was not entitled to his commission. To the defendant's answer the plaintiff filed a reply, consisting of a general denial.

Upon the issues thus joined the plaintiff moved for judgment on the pleadings. This motion was overruled and exception was reserved, and this is assigned as error by the plaintiff in error. We think the court properly overruled the motion for judgment on the pleadings. The plaintiff, in his petition, alleged that the defendant had agreed to pay him a commission of $250 for securing a purchaser for the property, and that in pursuance to such agreement the plaintiff secured a purchaser who offered to pay $11,000.00. The petition does not allege what amount the defendant was to receive for his property. It is wholly silent upon this material allegation. On the other hand, the answer of the defendant specifically alleges that the agreement entered into between the parties was that the defendant should receive the sum of $11,500.00 for his property, and that if the plaintiff

secured a purchaser for such amount he was entitled to receive a commission of $250. It will thus be seen that the plaintiff alleged one oral contract, and the defendant another. It was therefore purely a question of fact as to what the contract was between the parties. Where the pleadings raise a question of fact to be tried, it would be manifestly improper to sustain a motion for judgment thereon.

The case was submitted to the court, without the intervention of a jury, and after hearing the evidence introduced by the plaintiff and defendant, the court found the issues in favor of the defendant, and against the plaintiff, and rendered judgment accordingly.

The right to recover a commission by a real estate broker must be founded upon an express or implied contract. This action was founded upon an oral contract. The plaintiff claimed that he was to receive a commission of $250 for securing a purchaser. The defendant, on the other hand, claimed that there was an express agreement between the parties that he should receive $11,500.00 for his property, and in the event that the plaintiff secured a purchaser for such specified amount, then the plaintiff was entitled to receive a commission of $250. Upon this issue the court found for the plaintiff, and we are clearly of the opinion that the evidence fully sustains the findings of the trial court. It is the settled rule of this court that where the evidence reasonably supports the findings of fact by the trial court, such findings will not be disturbed on appeal. (*National Bank of Guthrie v. Earl*, 2 Okla. 617; *Gillette & Libby et al. v. Murphy et al.*, 7 Okla. 91; *City of Guthrie v. Shaffer*, 7 Okla. 459; *Kramer v. Ewing*, 10 Okla. 357; *Long v. McWilliams*, 11 Okla. 562.)

In *Hathaway v. Cambridge National Bank,* 134 U. S. 499, the supreme court of the United States, in passing upon this question, said:

"It (the court) was, like a jury, the sole judge of the credibility of the witnesses, and the questions were questions of fact, on the evidence. It would serve no good purpose to examine the evidence critically, nor it is our province to do so. It is sufficient to say that the case was not one where there was no evidence to justify the findings of the court."

The court having found, as an ultimate fact, that the plaintiff had failed to comply with the express terms of his agreement, he is not entitled to recover a commission. There being no error in the record the judgment of the district court is affirmed.

Irwin, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.