## SIMPSON *et al.* v. HILLIS.

No. 1167.   Opinion Filed November 14, 1911.

Rehearing Denied December 12, 1911.

(120 Pac. 572.)

1.  **PARTIES—Necessary Parties—Bringing in New Parties.**  When it is made to appear that a determination of an action cannot be had without the presence of others not parties to the proceedings, and who are interested in the subject-matter of the litigation, the court may of its own motion order them brought in and made parties.

2.  **SAME—Bringing in New Party—Demurrer.**  Where a third person is made a party defendant by order of court, after the issues are joined between the original parties to the action, the plaintiff not being instrumental in the procurement of such order, and where such third party claims title to the property sought to be foreclosed from the defendant, it is not error to overrule a demurrer to the petition of plaintiff filed by the newly made defendant.

3.  **MORTGAGES—Purchaser—Notice of Mortgage—Right to Contest.**  Under sec. 1195, Comp. Laws 1909, one purchasing property subject to a mortgage valid between the parties thereto, but defective in form and not recorded as required by statute, and who at the time of such purchase has actual knowledge of such mortgage, takes subject to such mortgage; the actual notice being equivalent to due acknowledgment and recording.

4.  **SAME—Purchase of Mortgaged Property—Rights of Parties.**  The rights of one buying property so mortgaged are fixed and determined by the law in force at the time of the purchase, and not at the time the mortgage was given.

(Syllabus by Sharp, C.)

*Error from District Court, Carter County; J. C. Little, Special Judge.*

Action by J. J. Hillis against R. E. Simpson.   Sam Noble intervened, and R. A. Howard was made defendant by the court.   Judgment for plaintiff and intervenor, and defendants Simpson and Howard bring error.   Affirmed.

On March 16, 1908, defendant in error, plaintiff below, J. J. Hillis, brought an action against R. E. Simpson, plaintiff in error, defendant below, in the district court of Carter county, to fore-

close a mortgage on certain lots in the town of Lone Grove. Defendant Simpson appeared by his attorneys, J. T. Coleman and R. A. Howard, and filed first a motion to make the petition more definite and certain, and afterwards a demurrer to the petition, and, after both said motion and demurrer were overruled, on the 22d day of December, 1908, an amended answer was filed, which charges that the property sought to be foreclosed was on the 29th day of February, 1908, purchased by R. A. Howard, and who was at the time the owner and in possession thereof. To this amended answer plaintiff Hillis replied on May 18, 1909, charging that the sale made by Simpson to Howard was fraudulent and made for the purpose of defeating plaintiff's mortgage, and that nothing had been paid for or on account of the alleged purchase, and that plaintiff had both actual and constructive notice of plaintiff's mortgage prior to the date of his said purchase. On May 21, 1909, Sam Noble, on behalf of the dissolved firm of Noble Bros., interpleaded in said action, setting up a mortgage given by Simpson to Noble Bros. on the property in controversy. To this interplea Hillis replied. On the 22d day of May, 1909, upon motion of the court, R. A. Howard was made a party defendant, ordered to plead in said action, and on the same·day he filed a general demurrer to plaintiff's petition, which was overruled, and thereafter and on the same day said R. A. Howard filed his separate answer, setting up ownership of the property sought to be foreclosed by virtue of a deed executed by Simpson to him on February 29, 1908, and further alleging that he was at the time in possession thereof, and asked judgment quieting his title in and to the premises, the subject-matter of the litigation. The case was tried before J. C. Little, special judge, upon an agreed statement of facts, in which is to be found the following stipulation:

"It is further agreed that at the time R. A. Howard purchased the premises from R. E. Simpson he had actual knowledge of the mortgage executed by R. E. Simpson and J. J. Hillis, hereinbefore mentioned and referred to, and that he had read the mortgage as it was filed in the clerk's office; that R. A. Howard, after having read the mortgage, did determine in his own mind that the mortgage executed by R. E. Simpson to J. J. Hillis

was insufficient to pass any rights unto Hillis as against a purchaser of the premises against Hillis; and that R. A. Howard at the time he purchased the premises had both actual and constructive knowledge of the mortgage given to Noble Bros."

It was further agreed that R. A. Howard had at no time paid any of the notes executed by him and delivered to said R. E. Simpson for the purchase price of said premises. Upon the agreed statement of facts, on June 25, 1909, the court rendered judgment in favor of Hillis and against Simpson, and at the same time rendered judgment in favor of Sam Noble against defendant Simpson, and decreed the foreclosure of their respective mortgages; the court finding that the Hillis mortgage had priority over the note of Noble Bros. From this judgment, defendants below, R. E. Simpson and R. A. Howard, have prosecuted an appeal, assigning various alleged errors committed by the trial court, which will be noted hereafter. Plaintiff in error Simpson has filed no brief.

*Guy H. Sigler,* for plaintiff in error Howard.

*J. C. Thompson,* for defendant in error.

Opinion by SHARP, C. (after stating the facts as above). Under the admission of counsel, it will be unnecessary to consider the first assignment of error. The second question is: That the court erred in overruling the demurrer of defendant Howard to plaintiff's petition. It may be inferred that the court ordered R. A. Howard made a party defendant upon the allegations contained in the amended answer of defendant Simpson, charging that on February 29, 1908, Simpson deeded the premises in controversy to Howard, and which answer disclaimed any right, title, or interest or the possession thereto on the part of Simpson. There is nothing in the petition of plaintiff setting up that Howard had any interest in the property sought to be foreclosed, though the petition does charge, among other things, that the defendant was making an effort to dispose of the premises for the fraudulent purpose of defeating the collection of plaintiff's debt. Until the filing of the amended answer, so far as disclosed by the record, R. A. Howard had been acting as one of the at-

torneys for defendant Simpson, and, while his name does not appear as an attorney to the amended answer, it does appear in the previous pleadings filed, and it is fairly inferable that he had full notice of the contents of the answer of his client.

Howard's alleged interest having thus been disclosed, the court acted properly in ordering him made a defendant. The object of having Howard brought in was for the purpose of giving him an opportunity to assert his interests in the subject-matter of the litigation. The title he had acquired, if any, was obtained from defendant Simpson, who had disclaimed owner-ship thereof and asserted title in Howard, and the court could not properly determine the issues presented by the answer of Simpson without having Howard before the court in order that his right might not be prejudiced. Section 5573, Comp. Laws 1909, provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

Howard was not made a party defendant that he might test the sufficiency of plaintiff's petition against defendant Simpson, but that he might set forth by cross-bill or answer his claim of title to the premises involved in the action. In *Wright Ex. v. Walker et al.*, 30 Ark. 44, John S. Whitaker, executor of Horace F. Walworth, claimed to be the assignee of the notes and mort-gage, and to have purchased from one of the defendants so made a party an undivided interest in the lands sought to be foreclosed, and who thereupon filed a demurrer to the supplemental bill. The court, in passing upon this question, said:

"The demurrer of Whitaker, which does not appear to have been disposed of before the final hearing, should not have been permitted to be filed. Claiming to have an interest in the litiga-tion, he was permitted to become a party that he might bring such interest before the court, which he could do by cross-bill, but in no other way."

At the time Howard was made a party, the issues were joined between the plaintiff and the defendant. It may well be

doubted that one made a party defendant can be permitted to except to proceedings for mere formal defects or irregularities not going to the merits or foundation of the action. *Hanchett v. Gray et al.,* 7 Tex. 550. Howard, while acting as attorney for Simpson, had unsuccessfully contested plaintiff's petition. It was upon the answer of Simpson, and not upon plaintiff's petition, that the court below doubtless acted in making Howard a party defendant. The court properly found that the petition stated a good cause of action against defendant Simpson, through whom Howard deraigned his title, if he had any, and after the issues were joined and Howard was ordered made a party defendant, and, as the record discloses, voluntarily appeared in court, and, as shown by his answer filed on the same day, asserted title in himself in the premises mortgaged by Hillis to plaintiff, we do not think he should have been permitted to attack the sufficiency of the pleadings between plaintiff and defendant. We do not wish to lay down any general rule assertive of the proposition that in a proper case a party made defendant may not test the sufficiency of the pleadings of parties before the court having adverse interests, but in a case such as the one under consideration we do not feel that such a license should be permitted.

The only remaining question to be considered is: That the judgment of the court is contrary to the law and evidence. On November 14, 1907, R. E. Simpson gave to J. J. Hillis a mortgage on forty-nine lots in the town of Lone Grove, Ind. T. This mortgage, instead of being recorded, was on the day following its execution filed with the clerk and *ex officio* recorder of deeds in district No. 21 of the Indian Territory. On December 23, 1907, said R. E. Simpson gave a mortgage on the same property to Noble Bros., which mortgage was duly recorded on December 31, 1907, in the office of the register of deeds in and for Carter county. Neither Noble Bros. nor Sam Noble are complaining of the decree of the trial court. On February 29, 1908, said Simpson executed a deed to said lots to R. A. Howard, which deed recites a cash consideration of $750, and promissory notes, maturing at various dates, aggregating $2,250. In the agreed

statement of facts it was admitted that the $750 cash had not been paid, but that the notes correctly represented the consideration to be paid.  As already stated, Howard had actual knowledge of both the Hillis and Noble Bros. mortgages.  Having this knowledge and having bought the premises so mortgaged, on February 29, 1908, are his rights subject or paramount to those acquired by Hillis through his mortgage from Simpson?  In *Main v. Alexander,* 9 Ark. 112, 47 Am. Dec. 732, the court, in construing a statute of the state, fixing the terms upon which a lien should attach on mortgaged property, said:

"Under this view of the law we consider it clear that, although the mortgage was not acknowledged by the party that made it, yet this is a matter of which he could never take advantage, and that, as between the parties themselves, the lien becomes fixed and complete by the mere execution and delivery of the instrument."

In the syllabus to this case it is said:

"A mortgage is good between the parties, though not acknowledged and recorded, but under our registry act it constitutes no lien upon the mortgaged property as against strangers, unless it is acknowledged and recorded as required by the act, even though they may have actual notice of its existence."

This rule has been followed in Arkansas in the following cases: *Hannah v. Carrington,* 18 Ark. 85-105; *Jacoway v. Gault,* 20 Ark. 190, 73 Am. Dec. 494; *Carnall v. Duval, Admr.,* 22 Ark. 136; *Jarratt v. McDaniel,* 32 Ark. 598-602; *Ford v. Burks,* 37 Ark. 91; *Wright v. Graham,* 42 Ark. 140-148.  This was the rule of decision in the Indian Territory when the Hillis mortgage was taken, two days before statehood.  The plaintiff in error argues that a mortgage must be given force and effect and the question of its validity or invalidity determined under the laws in force at the time the mortgage was executed.  Granted.  But how does this help the plaintiff in error, who acquired no interest in the mortgaged property until February 29, 1908, or at a time when the Oklahoma laws and not the laws of Arkansas in force in the Indian Territory by act of Congress were in force?  The rights of plaintiff in error are to be determined according to the law in force at the time he obtained his deed from Simp-

son.   Had Howard, even though with full knowledge of the Hillis mortgage, purchased these lands from Simpson prior to the taking effect of the Oklahoma Laws, a different question would be presented.   "The law in force when the contract is made is a part of such contract as fully as if its provisions had been incorporated into such contract."   (Page on Contracts, secs. 1117-1719; *Barrett v. Boddie*, 158 Ill. 479, 42 N. E. 143, 49 Am. St. Rep. 172; *Phinney v. Phinney*, 81 Me. 450, 17 Atl. 405, 4 L. R. A. 348, 10 Am. St. Rep. 266.)

These authorities are cited only in support of the very general proposition that the law in force at the time when a right attaches, and not that of some former occasion, is the law that must govern and fix the liabilities of the parties.   As between the parties, the Hillis mortgage was good.   On November 16, 1907, by virtue of section 2 of the Schedule of the state Constitution, the laws of the territory of Oklahoma were extended over and put into force in the state.   Among these laws so put into force is the following:   Section 1195, Comp. Laws 1909, reads:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease, or other instrument relating to real estate, other than a lease for a period not exceeding one year accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided; except actual notice to such third persons shall be equivalent to due acknowledgment and recording."

This statute has, by this court, been construed in at least three cases.   In *Cooper v. Flesner et al.,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, it is said in the syllabus:

"One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have received."

The rule here announced was followed in the case of *Russell v. Gerlach,* 24 Okla. 556, 103 Pac. 604.   See, also, *Edwards et al. v. Montgomery et al.,* 26 Okla. 862, 110 Pac. 779.

In the instant case, Howard had actual knowledge of the mortgage given by Simpson to Hillis, and had read it while in the clerk's office, and then determined in his own mind that the mortgage was insufficient to pass any rights to Hillis as against a purchaser of the premises. Nothing is lacking to establish the *mala fides* of this transaction. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.