**CHILDERS, Adm'x, v. NEW YORK LIFE INS. CO.**

No. 16053—Opinion Filed Dec. 22, 1925.

Rehearing Denied March 30, 1926.

1. **Insurance—Action for Damages for Delay in Delivering Life Policy—Provision in Receipt for Advance Premium Inapplicable.**

A provision contained in a receipt issued

to an applicant for life insurance by the soliciting agent, on payment of premium in advance, providing that in the event the insurance company failed to issue a policy within 60 days the applicant will be entitled to a return of the premium paid on demand, and tender of receipt, and also providing for the disposition of, and the return of the premium, or residue thereof in the event the policy is issued and offered to the applicant within 60 days and refused, has no application or bearing on the contract for insurance in a case where neither of the contingencies provided for arose.

**2. Pleading — Judgment on Pleadings — When Erroneous.**

It is reversible error for the court to sustain motion for judgment on the pleadings when an issue of fact is joined by the pleadings, upon which a valid judgment might be based.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Nellie Childers, administratrix of the estate of Fred Ira Childers, deceased, against the New York Life Insurance Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

A. J. Carlton, R. R. Hendon, Jr., and Charles E. Wells, for plaintiff in error.

Wilson, Tomerlin & Threlkeld, and Abernathy & Howell, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Pottawatomie county, Okla., by the appellant, as plaintiff, against appellee, as defendant, to recover $2,000, alleged damages by reason of the failure and neglect of defendant, New York Life Insurance Company, to deliver within a reasonable time a certain life insurance policy. Motion for judgment on the pleadings was interposed by defendant, which was by the court sustained upon the theory that the defendant, insurance company, had, under the terms of the application for insurance, 60 days in which to act in the matter, and plaintiff's petition shows that the policy was issued within that period.

The facts, as disclosed by the record, show that the deceased, Fred Ira Childers, made application through the local agent of the defendant company for insurance on February 24, 1923, and submitted to medical examination on February 26th: that the application and medical examination reached the office of the defendant company in New York City on March 12th, and that the poli-

cy was issued March 13, 1923, and reached the local agent at Norman, Okla., on March 19, 1923. The applicant was accidentally killed March 16th, and plaintiff alleges in her petition that the company was guilty of negligence and did not issue and deliver the policy within a reasonable time.

The only question involved in this appeal is the action of the court in sustaining the motion for judgment on the pleadings, and dismissing with prejudice plaintiff's cause of action. The provision of the contract of insurance upon which the judgment of the court was based and upon which the appellee relies, is found in the receipt issued by the soliciting agent to the applicant on payment of the premium at the time the application was made, and is as follows:

"(a) If the company fails to offer to deliver a policy within 60 days from this date, the company will return said sum to the applicant upon demand with surrender of this receipt.

"(b) If within 60 days from this date, the company offers upon payment of the balance of the first premium to deliver to the applicant a policy of insurance pursuant to his said applications and the offer is refused, the company will retain from said sum the costs incurred for medical examination and inspection and will return the balance, if any, to the applicant upon a surrender of this receipt."

As heretofore stated, these provisions are found in the receipt issued to the applicant and detached from the application, and in our judgment had no reference to the application or the policy, had no bearing or effect on the contract of insurance, but merely provide for the disposition or method whereby the premium paid in advance will be disposed of and returned to the applicant in the event the insurance does not become effective. The first paragraph quoted provides for the disposition of the premium paid in the event the company fails to offer to deliver a policy within 60 days, gives the applicant the option or right to demand a return of the premium, and thereby consummate or close the transaction, or he may waive this option and give further time if he desires. The second paragraph makes disposition of the premium paid in advance, in the event the applicant refuses to accept the policy when offered by the company within 60 days. But neither of the contingencies provided for arose. In this case the company had no occasion to delay issuing the policy; at least, did not avail itself of the 60 day period. The policy issued, we think, was such a policy as was authorized under the terms of the application, and the

court is not required to indulge the presumption that same would have been rejected by the applicant.

The plaintiff has pitched this action and based same upon the theory that the applicant had no insurance by reason of the fact that the policy had not been delivered to the applicant at the time of his death, by reason of the negligence of defendant company, and defendant has answered joining issue on that allegation; hence, as we view it, the only question is that of whether or not the company exercised ordinary diligence and issued the policy within a reasonable time, under all the circumstances surrounding the case, and being of the opinion that the 60 day limitation has no bearing on the question, we conclude that the court was in error in sustaining motion for judgment on the pleadings. The question of what is a reasonable time is one of fact, and should be submitted to the jury. The case is therefore reversed and remanded for trial on its merits.

By the Court: It is so ordered.

Note.—See under (1) '32 C. J. p. 1098, §182. (2) 31 Cyc. p. 607.