## CARDIN BLDG. CO. et al. v. SMITH.

No. 17068.　Opinion Filed March 15, 1927.

Rehearing Denied April 5, 1927.

(Syllabus.)

### 1. Pleading—Judgment on Pleadings—Consideration of Motion.

A motion for judgment on the pleadings is in the nature of a demurrer. It is governed by the rules applicable to a demurrer and admits of every material fact properly stated in the pleadings. A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact, and if no issue of material fact is presented by the pleading, (2) which party is entitled to the judgment? In determining the second question it is immaterial which party presents the motion, but on the first question the moving party is at this disadvantage: He is deemed not only to admit, for the purposes of the motion, the truth of each fact well pleaded, but to admit the untruth of his own allegations which have been denied, and his adversary's pleadings will be construed so as to admit every reasonable intendment in favor of the sufficiency thereof. Thus, the answer to the first question, and, therefore, whether or not the court reaches the second question, may depend somewhat upon which party makes the motion.

### 2. Corporations—Insolvency—Right of Majority Stockholders to Sell Assets to Pay Creditors.

When a corporation is insolvent and unable to meet its obligations, or to secure further funds with which to continue business, and creditors are presenting their claims, a majority of the stockholders have the power, in good faith, to make a sale of the entire corporate property to provide for its debts.

### 3. Same—Validity of Sale to Officers of Corporation.

While the law is adverse to a sale of corporate property to directors and officers entrusted with making such sales, and courts of equity look with suspicion upon them in such acts, yet such sales will be sustained upon clear proof of good faith and adequacy of consideration.

### 4. Corporations—Directors' Meetings — "Interested" Director Not Counted for Quorum Purposes.

A director whose interest in the matter disqualifies him from voting upon a resolution relating thereto cannot be counted for the purpose of ascertaining whether a quorum is present when the vote is taken, since a director loses pro haec vice his character as a director.

Error from District Court, Ottawa County; A. C. Brewster, Judge.

Action by J. J. Smith, minority stockholder, against the Cardin Building Company, a corporation, its officers and directors, and M. M. DeArman to cancel a deed of conveyance for the corporate assets of the corporation, for the appointment of a receiver, for a permanent injunction, and for restoration of corporate property. Motion for judgment on the pleadings by plaintiff sustained. Reversed and judgment entered for defendants.

A. C. Wallace, H. B. Durant, and E. C. Fitzgerald, for plaintiffs in error.

J. J. Smith, for defendant in error.

RILEY, J. The parties will hereafter be mentioned as they appeared in the court below.

The plaintiff, J. J. Smith, alleged in his petition that he was a stockholder in the defendant corporation, which owned, and was organized for the purpose of constructing and operating, an office building in Miami; that the said corporation is indebted to various people in the approximate sum of $100,000, a part of which indebtedness is invalid and unlawful; that the said property was of the reasonable value of from $150,000 to $200,000; that defendant officers and directors of said corporation were attempting to execute deeds of conveyance to said property for an unknown consideration to the defendant W. H. Trapp, one of said corporation's officers and directors, and M. M. DeArman. The plaintiff further alleges that the interests of the corporation were not being safeguarded by the officers charged with the duties of management, and prays that a receiver be appointed for such property; that the defendants be restrained from proceeding further in said sale, and that the restraining order, upon final hearing, be made permanent.

Plaintiff's petition was filed on July 30, 1925; thereupon a temporary restraining or-

der was issued and served upon the defendants, and continued by agreement until final judgment was rendered.

The defendants filed their answers on the 17th day of November, following. DeArman's answer consisted of a general denial, and further setting forth that he purchased the property in question on the 24th day of July, 1925 (6 days before the plaintiff's petition was filed) ; that he had paid the sum of $85,000 for said building, $23,250 of which was cash, and the balance by assuming various obligations, which were enumerated. He answered that the deed so delivered to him had been filed in the office of the county clerk of Ottawa county on the 25th day of July, 1925, and duly recorded; that he took possession of the property at the time of the delivery of the deed, and had expended the sum of $720 in improvements thereon, and that he had no knowledge of any defects in his title. The other defendants answered by way of general denials, but admitted that the plaintiff was owner of 10,000 shares of stock in said corporation; that the defendant Cardin Building Company was a domestic corporation; that the officers named were the directors. They denied that they were the owners of the property in question, and alleged that they sold the property in the manner and form as set out in the answer of defendant DeArman. They pleaded further, that on April 1, 1925, the defendant corporation was without funds and unable to meet its obligations, setting out in detail the efforts of the officers of said company to refinance the property in question, and their failure in their efforts and the resulting condition of probable loss by foreclosure. They further alleged that the property was placed upon the market, first, at a price of $104,-000, then at $90,000, and that at such prices they were unable to negotiate any sale for any sum until DeArman agreed to pay $85,-000 for the same. They aver that on the 15th day of July, 1925, the annual meeting of the stockholders of the corporation was held pursuant to call; that the plaintiff was duly notified of said stockholders' meeting; that at said meeting DeArman presented his proposition, at which 76,320 shares of the capital stock of the corporation, out of 97,157 shares outstanding stock, were present. The financial condition of the company was presented to the stockholders' meeting, and all of the stockholders at said meeting were fully acquainted with the financial condition of said company; that the proposition as presented by DeArman at said meeting provided that defendant W. H. Trapp should join him in the purchase of said property, and pay his proportionate share of the purchase price. The stockholders present unanimously passed a resolution which authorized the officers and directors of said company to make, execute, and deliver to the defendants DeArman and Trapp, or their nominee, a warranty deed to the property in dispute; the stockholders' resolution further providing as follows:

"The transaction as acceptable to the stockholders to be consummated as of August 1, 1925."

On the 18th day of July, 1925, the board of directors met in regular session with all of the directors present, and the resolution of the stockholders was taken up and acted upon, and by a unanimous vote the said directors, by resolution, determined to make the transfer and sale of said property. Thereafter, on the 24th day of July, 1925, a deed was made, executed, and delivered to the defendant DeArman. The answer further alleges that the Cardin Building Company was insolvent and unable to meet its maturing obligations, and that the said sale and transfer of said property was consummated and the possession of the property delivered to the defendant DeArman prior to the filing of the suit by the plaintiff, or the issuance of the restraining order by the court. The answer further pleads defendant Trapp, because of his financial condition, was unable to take a one-half interest, and that the property was wholly conveyed to the defendant DeArman, with an understanding between DeArman and Trapp, which was fully disclosed, that Trapp might in the future purchase from DeArman an undivided one-sixth interest. Trapp, for this purpose, executed a note for one-sixth of the purchase price to DeArman, and DeArman placed a warranty deed to one-sixth interest to said property in the First National Bank of Miami to be delivered on payment of the note.

The answer alleges the delivery of a copy of the minutes of the stockholders' meeting and of the directors' meeting to the plaintiff in due time.

Thereafter the plaintiff filed his reply to the several answers, specifically denying that DeArman took possession as alleged, and denied he was in possession at the time the restraining order was issued.

The plaintiff in his reply denied that he had notice or knowledge of any pending sale, or of any purpose or intent to transfer said property, but admits that he received notice of the stockholders' meeting, and pleads that he had a custom of not attending stockhold-

'ers' meeting, of which defendants were aware. and further states that the defendants attempted to keep the plaintiff from knowing about the transfer.

Plaintiff Smith presented a motion for judgment on the pleadings, and the court thereupon sustained the same and rendered judgment for the plaintiff, restoring said property to the corporation, canceling the deed of conveyance, appointing a receiver to take charge of said property, and permanently enjoining said defendants from carrying into effect the transfer and sale of the property in question to DeArman and Trapp, or either of them.

It is contended that the court erred in sustaining the motion of plaintiff for judgment on the pleadings, and in not rendering a judgment on the pleadings in favor of defendants.

A judgment on the pleadings is rendered, not because of the lack of evidence, of proof, but because of lack of issue of fact. If there is no issue of material fact presented by the pleading, then it becomes a question of law as to which party is entitled to judgment. 14 Standard Procedure, 952. A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party entitled thereto, whether he be the movant or his adversary. Such judgment may be rendered against the moving party if his petition fails to state facts sufficient to constitute a cause of action; it may be against the defendant if his answer fails to state facts sufficient to constitute a defense. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811. By such a motion two questions are presented to the court: (1) Is there any issue of material fact? and if there is none (2) which party is entitled to judgment?

In the case of Hurie v. Quigg, 121 Okla. 80. 247 Pac. 677, this court followed the rule as set out in the syllabus of that case as follows:

"Where a motion for judgment upon the pleadings is filed by a defendant, it searches the entire record, it tests the sufficiency of the petition filed by plaintiff and seeks a judgment in favor of either party entitled thereto. The defendant admits for the purposes of the motion the truth of every fact well pleaded by plaintiff as well as the untruth of the defendant's allegations which have been denied, and when there is no material issue of fact presented by the pleadings, it will be held that the court did not err in proceeding to determine the party entitled to the judgment as a matter of law."

The rule as applied to question 1, above,. and the disadvantage assumed by the movant, i. e., his admission, for the purpose of the motion, the truth of every fact well pleaded by his adversary and the untruth of his own allegations which have been denied, and the construction to be given the adversary's pleading, i. e., the aid of every reasonable intendment in favor of the sufficiency thereof, we say: A question of fact would have been raised: (1) As to the solvency of the corporation, but for the rule stated, for solvency is pleaded in the petition and insolvency is pleaded in the answer. The petitioner moved, thus admitting the falsity of his pleading, because it was controverted in those of his adversaries, and the fact of insolvency was thereby established. (2) Likewise, as to the fact of full consummation of the transfer of the property before the filing of this action by plaintiff. (3) Likewise, as to the question of the fact of fraud and the opposite fact of full disclosure to the stockholders at their annual meeting.

The reply would rather indicate that plaintiff was fearful lest the defendants had alleged facts that would constitute a defense but for his reply.

Judgment on the pleadings being moved by the plaintiff and the allegations of the answer being admitted as true, if the allegations of the answer constituted a defense, judgment should have in no event been rendered for the plaintiff below, for as to the plaintiff there were disputed questions of fact, to wit: (1) Insolvency: (2) consummation of sale prior to suit; (3) good faith and an absence of fraud, and an adequacy of consideration. Such a motion should be denied where pleadings raise a question of fact to be tried. Nolan v. Owens, 13 Okla. 408. 74 Pac. 954; St. Louis-San Francisco Ry. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169; Cobble v. Farmers Nat. Bank, 53 Okla. 814, 158 Pac. 364; Smith v. Moon Buggy Co, 66 Okla. 333, 169 Pac. 575; Childers, Adm'r, v. New York Life Ins. Co., 117 Okla. 7, 245 Pac. 59. But if the answer, taken as true, constituted a defense, then judgment should have been rendered for the defendants.

As to whether the answer did in fact constitute a defense, we shall now determine and to determine this the vital question is whether or not a corporation in a failing condition may dispose of its entire assets by a vote of a majority of its stockholders.

Thompson on Corporations, section 4489, says:

'But the authorities are also agreed that the majority of the stockholders may. against' the objection of the minority, dispose of all of the corporate property and wind up the business of the corporation where the corporation is conducted at a loss and there is no prospect of its profitable operation, provided that the majority act in the matter in good faith and to the interest of the entire body of stockholders."

In Peabody v. Westerly Waterworks et al. (R. I.) 37 Atl. 807, it is said:

"The sale of the entire property of a corporation will not be enjoined at the instance of a stockholder in the absence of proof of unfairness, oppression, or fraud, where the sale was authorized by a vote of more than 1,100 out of a total of 1,350 shares."

Good faith, insolvency, absence of fraud, adequacy of consideration seem to be essential to the validity of such a sale. In the case at bar these elements are admitted.

In 7 R. C. L., section 287, p. 312, it is said:

"While it is well settled that neither the directors nor a majority of the stockholders have power. as against the dissent of any stockholder, to sell all or substantially all of the property of a prosperous, going corporation, it is equally well settled that a minority of the stockholders of a corporation cannot hold a majority to an unprofitable and hopeless enterprise, and that when just cause exists,—such as the insolvency of the corporation, or its financial inability, though solvent, to carry out the purpose of its creation, or the unprofitableness of its business, so that the continuation thereof would be disastrous to the corporation and against the interest of the stockholders, or the expiration of its charter,—a majority of the stockholders, acting in good faith. may, even against the consent of a minority sell all the corporate property, with a view to winding up the corporate affairs." Price v. Holcomb (Iowa) 56 N. W. 407; Phillips v. Providence Steam Engine Co. (R. I.) 43 Atl. 598, 45 L. R. A. 560; Bartholomew v. Derby Rubber Co. (Conn.) 38 Atl. 45, 61 A. S. R. 534; Treadwell v. Salisbury Mfg. Co. (Mass ) 66 Am. Dec. 490; Hayden v. Official Hotel Red Book & Directory Co., 42 Fed. 875; Tanner v. Lindell Ry. Co. (Mo.) 79 S. W. 155, 103 A. S. R. 534.

In Rhea v. Newton et al., 262 Fed. 345, the Eighth Circuit Court of Appea's laid down the rue as follows:

"While a contract between a corporation and a director or officer will be closely scrutinized by the courts, it will be upheld if fair and made in good faith, and if no undue advantage was taken of the fiduciary relationsh'p between the parties.

"When a corporation is insolvent, and unable to meet its obligations, or to secure further funds with which to continue business, and creditors are pressing their claims, a majority of the stockholders have the power. in good faith, to make a sale of the entire corporate property to provide for its debts."

However, in so far as the director's interest is concerned in dealing with the corporation of which he is an officer, he is disqualified and loses pro haec vice his character as a director. Fields v. Victor Building & Loan Co., 73 Okla. 207, 175 Pac. 529; Bentley v. Zelma Oil Co., 76 Okla. 116 184 Pac. 113. It is true Trapp as a director was here dealing with the corporation with which he was acting as a trustee, yet, without counting him, a quorum was present at the meeting of the board of directors at which the transfer of the corporate assets was consummated, and there was a full disclosure of his interest. No other members of the board of directors were shown to have been disqualified. It is not sufficient in law to disqualify a director to show that he had advanced money, or has extended credit, or personally indorsed. notes for the benefit of the corporation which he represents.

While the law is adverse to a sale of corporate property to directors and officers intrusted with making such sales, and courts of equity look with suspicion upon them in such acts, yet such sales will be sustained upon clear proof of good faith and adequacy of consideration. Bentley v. Zelma Oil Co.. supra.

As to the question presented that the authorization by the stockholders in their resolution was that the transfer should be made as of a certain date, and that the transfer was actually made prior to that date by action of the board of directors, we think the contention immaterial. The gravamen of the resolution was the authorized transfer for the consideration offered.

The judgment of the lower court is reversed, and judgment is rendered for the defendants below.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK and HEFNER, JJ.. concur.

Note.—See under (1) 31 Cyc. pp. 606, 607, 608. (2) 14a C. J p. 541. §2462; anno. 35 L. R. A. (N. S.) 400; 7 R. C. L. p. 312: 4 R. C L. Supp. 478; 6 R. C. L. Supp. p. 441. (3) 14a C. J. p. 113, §1880; 7 R. C. L. p. 482. (4) 14a C. J. pp. 92, 93, §1854; 7 R C. L. p. 446.