## PROCTOR et al. v. ROYAL NEIGHBORS OF AMERICA et al.

No. 25376.   April 23, 1935.

Rehearing Denied June 11, 1935.

James M. Hays, James M. Hays, Jr., and Joseph C. Hays, for plaintiffs in error.

Lendon A. Knight and Steele & Boatman, for defendant in error Royal Neighbors of America.

PER CURIAM.   This action was started in the district court of Okmulgee county by Billie J. and Joe L. Proctor, by Lewis Owens, their guardian, plaintiffs, against Royal Neighbors of America, defendant. The plaintiffs alleged that they were the beneficiaries under an insurance policy issued by defendant in the sum of $1,000, said policy having been issued upon the life of Eva Mae King.

The defendant answered admitting the issuance of the policy, and admitting the death of Eva Mae King, and admitting its liability under the policy, but further states that Francis J. King also made claim against the defendant society for the sum of $1,000, claiming in effect that the said Eva Mae King, while acting under undue influence at the time, requested the change in the beneficiary from Francis J. King to Billie J. and Joe L. Proctor, and setting forth in its answer that while the deceased was in a weakened condition on account of having taken codeine, morphine and paregoric, and while under the influence of such opiates, the change in beneficiaries had been made from Francis J. King to Billie J. and Joe L. Proctor.

The defendant further answered stating that the claims of Francis J. King and Billie J. and Joe L. Proctor, and Lewis Owens, their guardian, were adverse and conflicting, and that the said claimants were claiming through the same source of title, to wit, the benefit certificate and said membership of Eva Mae King in the defendant society.

The defendant further states that it was liable to someone in the sum of $1,000 on account of the certificate issued, but that it cannot determine to whom the same is payable, and asked the court to determine as between claimants as to who was entitled to the $1,000 under said certificate.

The certificate originally made Francis J. King beneficiary, and thereafter the said deceased made a change in said beneficiaries naming Billie J. and Joe L. Proctor. Attached and made a part of the answer of the said defendant appear the insurance certificate, or policy, and the application for a change in beneficiaries, and the policy or certificate showing the change made in beneficiaries. Said answer was filed on September 2, 1933, in the district court of Okmulgee county; and on the same date there was filed in the district court of Okmulgee county an application by the defendant to make additional parties, moving the court to make Francis J. King a party defendant in said action, and further requesting that the said Francis J. King be required to show and set forth what interest he claimed in said benefit certificate for $1,000, which is the subject of this action.

Thereafter, on the 6th day of September, 1933, a motion was filed by the plaintiffs for judgment on the pleadings. And thereafter, on the 21st day of September, 1933, there was filed in said cause a petition of Francis J. King to be joined as defendant, in which petition he alleges that he is the claimant to the $1,000 due under said certificate, and attached to the application was the separate answer and cross-petition of the said Francis J. King, in which he sets forth his claim to the $1,000, and in which answer he alleges that the said deceased was mentally incapacitated at the time that she changed beneficiaries under said certificate, and alleging that said new or changed

certificate was null and void, and of no force and effect, in which he claimed to be the real beneficiary under said certificate and entitled to the $1,000. Thereafter, on the 21st day of September, 1933, the said Francis J. King filed his separate answer and cross-petition, alleging in substance the same as set forth in his application to be made party defendant.

That on the 13th day of October, 1933, an order was made in said cause setting forth that on the 2nd day of September, 1933, the court had considered the motion of Francis J. King to be joined as a defendant and the motion of the plaintiff for judgment on the pleadings, and said motion having been continued until the 13th day of October, 1933, the court found that the petition of the said Francis J. King to be made a party defendant should be allowed, and that the defendant Royal Neighbors of America should be permitted to pay the sum of $1,000 to the clerk of said court to await the further action of the court, and that said suit should be conducted between the said plaintiffs and the defendant Francis J. King, and that the motion of the plaintiffs for judgment on the pleadings should be denied, from which order said plaintiffs gave notice of appeal to this court and bring said appeal to this court on transcript.

The plaintiffs in error assign as error for reversal of this cause:

(1) Because the court erred in not rendering judgment on the plaintiff's motion for judgment on the pleadings.

In order to review this first assignment of error, it becomes necessary to examine the pleadings in this case.

The answer of the defendant Royal Neighbors of America admits that it issued the certificate upon the life of the said Eva Mae King; that in said first certificate issued, the said Francis J. King was made beneficiary; that thereafter, according to the terms of the policy and the by-laws of said society, the said beneficiary was changed, and that the said plaintiffs Billie J. and Joe L. Proctor were named beneficiaries. The answer further alleges that Francis J. King claims the benefits under this certificate, claiming in effect that Eva Mae King was acting under undue influence at the time that she requested the change in beneficiaries. Defendant further alleges that both Francis J. King and Billie J. Proctor and Joe L. Proctor are claiming through a common source, to wit, the benefit certificate and the membership of Eva Mae King, deceased, and requested the court to find and determine to whom said $1,000, payable under said certificate, should be paid. Also, in the separate answer filed by Francis J. King, and attached to his petition for leave to be joined as defendant, in setting up his interest in said benefit under said certificate, he alleges that Eva Mae King acted under undue influence in making said change in beneficiaries, and that she was mentally incompetent and unable to understand the nature of a business transaction of any kind at the time said change was made, and that said change was void, and that he was entitled to the $1,000 under the original certificate issued before a change in beneficiaries was made. In Cardin Bldg. Co. et al. v. Smith, 125 Okla. 300, 258 P. 910, it is stated:

"A judgment on the pleadings is rendered, not because of the lack of evidence of proof, but because of lack of issue of fact. If there is no issue of material fact presented by the pleading, then it becomes a question of law as to which party is entitled to judgment. 14 Standard Procedure, 952. A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party entitled thereto, whether he be the movant or his adversary. Such judgment may be rendered against the moving party, if his petition fails to state facts sufficient to constitute a cause of action. It may be against the defendant if his answer fails to state facts sufficient to constitute a defense. Mires v. Hogan, 79 Okla. 233, 192 P. 811. By such a motion two questions are presented to the court: (1) Is there any issue of material fact; and, if there is none, (2) which party is entitled to judgment?

"In the case of Hurie v. Quigg, 121 Okla. 80, 247 P. 677, this court followed the rule as set out in the syllabus of that case, as follows:

"'Where a motion for judgment upon the pleadings is filed by a defendant, it searches the entire record, it tests the sufficiency of the petition filed by plaintiff, and seeks a judgment in favor of either party entitled thereto. The defendant admits, for the purposes of the motion, the truth of every fact well pleaded by plaintiff, as well as the untruth of defendant's allegations,' which have been denied, 'and, when there is no material issue of fact presented by the pleadings, it will be held that the court did not err in proceeding to determine the party entitled to the judgment as a matter of law'.'"

This rule as applied to the case at bar places the plaintiffs in the position of admitting for the purpose of the motion the truth of every fact well pleaded by their

adversary, and the untruth of their own allegations which have been denied. The construction to be given to the adversary's pleadings is that every reasonable intendment in favor of the sufficiency thereof is admitted, and the inquiry is whether a question of fact has been raised as to which of the two claimants would be entitled to the $1,000 due on the benefit certificate. The pleadings in this case, tested by this rule that a motion for judgment on the pleadings is in effect a general demurrer, justify the trial court in overruling said motion.

"A motion for judgment on the pleadings is in effect a general demurrer and under section 6067, Comp. Laws 1909." Board of County Commissioners v. Robertson, 35 Okla. 616, 130 P. 947; Cardin Bldg. Co. v. Smith, 125 Okla. 300, 258 P. 910.

The plaintiff in error next complains that the court erred in allowing Francis J. King to be made a party defendant.

Section 157, O. S. 1931, provides as follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

Section 158, O. S. 1931, provides:

"When, in an action for the recovery of real or personal property, any person having an interest in the property applies to be made a party, the court may order it to be done."

In this case the said defendant Francis J. King was made a party upon request from the Royal Neighbors of America in their answer, and also upon the application of Francis J. King himself, and we find that in this cause he was a proper party to the suit from the fact that his claim to the benefit under said certificate was known to the defendant Royal Neighbors of America, and it was their duty for their protection to so inform the court, and that it was the duty of the court upon the answer of the Royal Neighbors of America to make the said Francis J. King a party to this litigation after said answer was filed upon the court's own motion. See Atkeson v. Sovereign Camp, W. O. W., et al., 90 Okla. 154, 216 P. 467, where it is stated in the syllabus:

"When it is made to appear that a determination of an action cannot be had without the presence of others not parties to the proceedings, and who are interested in the subject-matter of the litigation, the court may of its own motion order them brought in and made parties."

And in the body of the opinion the court states as follows:

"Section 224, Compiled Laws of Oklahoma, 1921, reads as follows:

"'The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.'

"Apparently, it was intended to remedy such a situation here existing; and it was held in the case of Simpson et al. v. Hillis, 30 Okla. 561, 120 P. 572, Ann. Cas. 1913C, 227, construing this section, that the court, by virtue of the authority given it thereby, has the power and is obliged, on its own motion, to call persons interested in the controversy, and not legally made parties thereto, into court and to adjudicate their rights without resorting to another action."

Also, in Board v. State ex rel. Walcott, Bank Com'r, et al., 117 Okla. 10, 242 P. 522, in the body of the opinion it is stated:

"The court of its own motion may order additional parties brought in. Simpson v. Hillis, 30 Okla. 561, 120 P. 572, Ann. Cases 1913C, 227. The bringing in of new parties being mandatory in some instances and discretionary in others, we find no error in the court's sustaining the motion to make Mandly Board a party defendant."

Also, see vol. 4 Words and Phrases (2d Series) p. 132, as follows:

"The test of whether one is the real party in suit is, Does he satisfy the call for the person who has the right to control and receive the fruits of the litigation? * * *"

Under these authorities we find that the court did not err in making Francis J. King a party to this litigation and permitting him to intervene, and that the same being discretionary with the court under the above statutes and decisions, we find no abuse of discretion, but on the contrary find that the court acted rightfully, lawfully, and in the furtherance of justice, in order that the controversy concerning the benefits of this certificate might be finally and completely determined as between the parties who were making claim thereto. Having examined the record in this case, we find no error, and the action of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Ralph K. Robertson, Don Lewis, and George H. Jennings in the prepara-

tion of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Counsel, and approved by the Supreme Court. After the analysis of law and facts was prepared by Ralph K. Robertson, and approved by Don Lewis and George H. Jennings, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.