ARNOTE v. SOUTHWESTERN PIPE & SUPPLY CO. et al.

No. 30261.   Sept. 30, 1941.

*117 P. 2d 529.*

Walter Arnote, of McAlester, for plaintiff in error.

Robert J. Bell, of McAlester, for defendants in error.

DAVISON, J. Plaintiff in error, hereinafter referred to as plaintiff, commenced this action to recover damages of the defendants in error, hereinafter referred to as defendants, on account of the latter's alleged conversion of certain

steel pipe upon which he claimed mortgage liens. The trial court sustained motions interposed by the defendants for judgment in their favor on the pleadings, and from said judgment plaintiff has perfected this appeal.

Plaintiff's petition, omitting the prayer and formal parts, reads as follows:

"Plaintiff further states and alleges that on or about the 16th day of July, 1937, he had a special ownership in the following described property, to wit:

1600 feet of 6 5/8″, 24 lb., steel well casing, located on Lot 22, Townsite Addition No. 4, Pittsburg County, Oklahoma;

—by virtue of two mortgages, one executed April 3, 1936, and the other July 11, 1936, copies of which are attached hereto, made parts hereof, and marked 'Exhibit A' and 'Exhibit B', respectively; that said mortgages were given to secure an indebtedness due from Claud Hawkins, the mortgagor mentioned in said mortgages, in the sums mentioned in said mortgages; and that on May 13, 1937, there was paid on the indebtedness of $3,135.28, mentioned in said mortgage of date July 11, 1936, the sum of $1100.00, out of a sale of cattle on which plaintiff held a mortgage, leaving the balance of said indebtedness mentioned in said mortgages due and unpaid; that said pipe above described was of the reasonable market value of $800.00.

"Plaintiff further states and alleges that on or about said 16th day of July, 1937, said defendants willfully, wrongfully, and forcibly, seized said pipe above described, and carried the same away from Pittsburg County, Oklahoma, and used and converted the same to their own use and benefit, thereby depriving plaintiff of his special title and interest therein, to his damage in the sum of $800.00; and that plaintiff will be still further damaged by reason of the wrongful seizing and converting of said property in the sum of $150.00, attorney's fees, costs, and expenses; that, therefore, said defendants are indebted to plaintiff in the said sum of $800.00, damages for the wrongful conversion of said property, and $150.00 damages for said wrongful seizing and detention, as aforesaid, and that said sums are due and unpaid."

The exhibits attached to plaintiff's petition as a part thereof reveal that in addition to other provisions usually contained in chattel mortgages, the mortgages involved herein provide that the mortgagor shall keep the actual possession and control of the property and not sell nor dispose of any part thereof without the written consent of the mortgagee.

In their answer the defendants Southwestern Pipe & Supply Company and W. M. Berryman denied the allegations of plaintiff's petition not specifically admitted therein, and alleged that the Southwestern Pipe & Supply Company, through its agent, Berryman, entered into a contract with Claud Hawkins for the purchase of 1,650 feet of 6 5/8 inch casing, but that the plaintiff, with full knowledge of all the facts concerning said purchase, and acting as attorney for Hawkins, drew said contract, which was signed in his office, and permitted the sale of said pipe with full knowledge of all the facts and circumstances concerning said sale and without informing said defendants of his claim of mortgage thereon. Said defendants further pleaded that they had paid on the purchase price of the pipe and the expenses of moving same from the ground, the sum of $1,670. It was further alleged that said defendants made the purchase and payment thereon without knowledge of any claim of the plaintiff upon the pipe, and it was asserted that by virtue of the foregoing circumstances, plaintiff consented to the sale and waived any lien that he may have had upon the subject or proceeds thereof and is now estopped from asserting any claim upon the property involved contrary to or in conflict with the ownership of the defendant Southwestern Pipe & Supply Company.

The answer of the defendant J. C. Freed differs in no material respect from the pleading of the other two defendants above described.

In his replies to the defendants' answers, plaintiff denied all of the allegations of defendants' answers not specifically admitted therein, and as a

further reply to the claim that Southwestern Pipe & Supply Company had purchased the pipe without notice of his mortgages thereon, he set up their constructive notice thereof by reason of said mortgages having been filed of record in the office of the county clerk of Pittsburg county. He admitted that he drew the contract by which defendants claim the pipe was purchased, but alleged that this was done pursuant to an oral agreement he had with Claud Hawkins, of which the alleged purchaser's agent, Berryman, was informed, and by the terms of which the debts secured by plaintiff's mortgages on the pipe were to be paid in full out of the proceeds of the sale, and said mortgages released before the pipe was removed or delivered to said purchaser or its agent. In reply to the defendants' claim that by drawing the contract and acquiescing in its execution, he had consented to the sale of the pipe and thus waived his mortgage liens thereon, the plaintiff alleged that any consent that could be implied therefrom was conditioned upon the sale being made in conformity with said contract and his verbal agreement with Hawkins, but that this was not done, and thus, according to the terms of the contract, title to the pipe remained in Hawkins.

In determining the correctness of the trial court's ruling upon the defendants' motion for judgment on the pleadings, there are certain rules governing the consideration of such a motion that should first be noticed. These are stated in Cardin Bldg. Co. v. Smith, 125 Okla. 300, 258 P. 910, as follows:

"A motion for judgment on the pleadings is in the nature of a demurrer. It is governed by the rules applicable to a demurrer and admits of every material fact properly stated in the pleadings. A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact, and if no issue of material fact is presented by the pleading, (2) which party is entitled to the judgment? In determining the second question, it is immaterial which party presents the motion, but on the first question the moving party is at this disadvantage: He is deemed not only to admit, for the purposes of the motion, the truth of each fact well pleaded, but to admit the untruth of his own allegations which have been denied, and his adversary's pleadings will be construed so as to admit every reasonable intendment in favor of the sufficiency thereof."

See, also, Boland v. Boland, 171 Okla. 437, 43 P. 2d 79; White v. Knox, 126 Okla. 124, 258 P. 889; Hurie v. Quigg, 121 Okla. 80, 247 P. 677; Mires v. Hogan, 79 Okla. 233, 192 P. 811.

The defendants take the position that the agreement which the plaintiff alleges he and Hawkins had between themselves, that the balance of Hawkins' debts to plaintiff secured by the mortgages on the pipe would be paid out of the proceeds of the sale of same, was in no respect binding upon the purchaser, Southwestern Pipe & Supply Company, even though said company had notice of said agreement, if same did not obligate said purchaser to pay the purchase money directly to the plaintiff. Our agreement with the defendants as to this contention would in no respect be determinative of the issue here presented. As we read the defendants' pleadings, they do not therein claim that plaintiff agreed generally to any sale Hawkins might make of the pipe to Southwestern Pipe & Supply Company. If such were the proper interpretation of some of their allegations, it could not be considered under the rules stated in Cardin Bldg. Co. v. Smith, supra, because of the denial contained in plaintiff's reply. As we have seen, however, in said reply plaintiff does admit that he drew up or dictated the contract of sale under which the defendants claim Southwestern Pipe & Supply Company purchased the pipe, and the decisive question now to be decided is whether, as the defendants claim, such conduct constituted a waiver of his liens. In considering this question the provisions of said contract are significant. As represented by the exhibit attached to the answer of the defendants Southwestern Pipe & Supply Company and W. M. Berryman, they are as follows:

"That Claud Hawkins, of McAlester, Okla., first party, hereby bargains, sells and conveys to Southwestern Pipe and Supply Company, of Tulsa, Oklahoma, second party, the following described metal pipe located on Lot 22, Townsite Addition No. 4, Pittsburg County, Okla., to wit:

"Approximately 1650 ft. of 6 5/8 inch casing; Also, the following described pipe located in pipe line between Featherston and Quinton, in Pittsburg County, Oklahoma, to wit:

"Approximately, 8363 ft. of 6 5/8 inch I. D., welded line

6 3/4 I. D.
8619 Ft. 6 5/8 O. D., 19 lb., welded line;
6" O. D.
1665 ft. 6 inch screw;
1447 6 5/8 inch screw;
4431 ft. 6 inch O. D.;

being all of the pipe lines recently purchased by first party from the Public Service Company of Oklahoma, and consisting of a total of 26,175 ft., more or less; in its present condition and location, that is, second party is to take possession of said property just as it is now located and in its present condition.

"Second party, for and in consideration of said pipe, agrees to pay therefor fifteen cents (15c) per lineal foot, including the pipe located on the lot above mentioned, as well as the pipe in the ground above mentioned; the total purchase price to be determined when the pipe by second party is taken out of the ground and measured or measured in the ground, which shall be within a reasonable time, not later than August 26, 1937; each party, or a representative of such party, to be present when the pipe is measured; and said consideration to be paid as follows: $100.00 cash in hand, receipt of which is hereby acknowledged; $900.00 on the 26th day of June, 1937; and the balance to be paid when the line is measured, as above provided, and before it is removed, and not later than August 26, 1937.

"It is further agreed that if second party fails to pay the $900.00 on the 26th day of June, 1937, then the $100.00 paid in cash is considered liquidated damages for failure to comply with this contract and for a breach thereof; and in the event the $900.00 is paid on or before June 26, 1937, and the balance of the purchase price is not paid on or before the 26th day of August, 1937, and before any of it is removed, then that said $1,000.00 theretofore paid shall be considered liquidated damages for failure to comply with this contract of sale and for a breach thereof, and in such event said pipe to remain the property of first party and he to be entitled to the possession thereof."

It will be noted from the above quotation that the contract in question did not provide for the transfer of the possession of and title to the pipe as of the date it was entered into. It was merely a contract for the sale of the pipe in the future, and by its express terms the pipe and supply company's ownership as well as its right to possession thereof was dependent upon payment of the entire purchase price of all of the pipe therein described. In his reply plaintiff has denied that said company has fulfilled this condition. The plaintiff's consent to such a sale constitutes no waiver of his liens until the sale is consummated. See Saxton v. Breshears, 21 Idaho, 333, 121 P. 567. Such a case is not to be confused with those in which the mortgagee consents to an unconditional sale of the mortgaged property or his consent is obtained by the promise of the mortgagor to pay the mortgage debt out of the proceeds of the sale. In thus allowing the property to be transferred to a third party without requiring that the mortgage debt be first satisfied, the mortgagee is said to have waived the same or to be estopped from claiming it as against the purchaser. If, however, the mortgagee's consent or acquiescence is to be fabricated merely from his dictation of the terms of the sale, as the defendants herein urge, then it will not be extended beyond such terms. If the passing of title from the mortgagor free and clear of said mortgagee's liens is, by the terms of the sale, made to depend upon certain conditions, then such conditions must be performed before the mortgagee may be said to have waived his liens. See Shortridge v. Sturdivant, 32 N. D. 154, 155 N. W. 20; Home Ins.

Co. v. Klous (Tex. Civ. App.) 58 S. W. 2d 176; 14 C.J.S. 876, § 262, and authorities cited under note 81; annotation 97 A. L. R. 646. As, according to the express provisions of the contract by whose dictation plaintiff is alleged to have waived his liens on the pipe involved, the title to and possession of same was not to pass to the defendant and purchaser, Southwestern Pipe & Supply Company, until the entire purchase price of all of the pipe therein described was fully paid, and according to the pleadings this condition has not been complied with, it cannot be said, upon the basis of the allegations therein contained, that plaintiff has waived his liens thereon, nor that said defendant is entitled to the possession of said pipe. Since the question of whether plaintiff's conduct constituted such a waiver was the only material issue presented by the pleadings when properly considered for the purpose of a decision upon defendants' motion for judgment on the pleadings (see Cardin Bldg. Co. v. Smith, supra), and this was a question of law which should have been determined in favor of the plaintiff, it follows that the court erred in sustaining said motion. Judgment should have been rendered for the plaintiff upon consideration of said motion. It seems to be the defendants' view that this could not properly have been done, merely because plaintiff filed no motion for such judgment. Under the rule adhered to by this court, such a motion on behalf of the plaintiff was unnecessary. See Cardin Bldg. Co. v. Smith, supra, and authorities cited following the quotation therefrom, supra. The judgment of the trial court is therefore reversed, and said court is directed to proceed in a manner not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur.